EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2015 TSPR 75 |
| José R. Santos Cruz | 193 DPR ____ |

Número del Caso: CP-2013-7

Fecha: 10 de junio de 2015

Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcda. Karla Z. Pacheco
        Subprocuradora General

        Lcda. Celia Molano
        Procuradora General Auxiliar

Materia: Conducta Profesional – Censura enérgica por violación a los Cánones 18 y 19 de Ética Profesional.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* | |
| José R. Santos Cruz | CP-2013-07 |

*PER CURIAM*

San Juan, Puerto Rico, a 10 de junio de 2015

I

El Lcdo. José R. Santos Cruz fue admitido a la práctica de la abogacía el 25 de abril de 1972 y a la práctica de la notaría el 2 de junio de 1972.

El 8 de septiembre de 2011, la Sra. Luisa Méndez Clara presentó una queja contra el licenciado Santos Cruz.[1] En ésta, la señora Méndez Clara alegó que contrató los servicios profesionales de éste para tramitar un caso relacionado a la presunta nulidad de un expediente de dominio. En consecuencia, según arguyó la quejosa, las partes pactaron verbalmente el pago de $3,000.00 en concepto de honorarios de abogado, de los cuales la señora Méndez Clara adelantó $2,000.00. Asimismo, la quejosa señaló que visitaba frecuentemente la oficina del

---

[1] Valga señalar que los hechos que se relatarán a continuación coinciden con las estipulaciones hechas por las partes concernidas durante la tramitación del procedimiento disciplinario que nos ocupa.

querellado, con tal de mantenerse al tanto de los pormenores de su caso. En noviembre de 2010, sin embargo, el licenciado Santos Cruz le informó a la señora Méndez Clara que su caso "había sido cerrado" -entiéndase, archivado-, puesto que, según le explicó, ésta había incumplido con determinados requerimientos hechos por el tribunal. Es menester señalar que, según surge del expediente, el caso en cuestión había sido archivado, sin perjuicio, mediante sentencia dictada el 23 de junio de 2006 y notificada el 28 de junio de 2006. El archivo se debió a que no se presentó, dentro del término que se concedió para ello, una solicitud de emplazamientos por edicto.[2] Cabe destacar, además, que fue el propio licenciado Santos Cruz quien pidió que se le concediera un término para ello.

Dado lo anterior, la señora Méndez Clara le solicitó al licenciado Santos Cruz la devolución del expediente del caso y, además, le requirió que le devolviera el dinero que éste había cobrado, ya que no había cumplido con la gestión requerida.

Presentada la queja, el licenciado Santos Cruz, por su parte, contestó la misma el 17 de octubre de 2011. En su contestación, el querellado, primeramente, confirmó las alegaciones de la señora Méndez Clara respecto a los pormenores de la contratación y el pago por adelantado de

---

[2] Es preciso destacar que el caso había sido archivado anteriormente, el 20 de marzo de 2006, también por falta de interés, al no haber comparecido las partes a la conferencia con antelación a juicio.

honorarios. Empero, el licenciado Santos Cruz señaló que, en efecto, realizó un número considerable de gestiones ante el Tribunal de Primera Instancia.[3] Entre otras, el 4 de diciembre de 2003, presentó una demanda relacionada con la causa de acción invocada por la quejosa. Esto, aun cuando le informó a ésta que existía la posibilidad de que dicha causa de acción estuviere prescrita. Asimismo, argumentó que no presentó la solicitud de emplazamientos por edictos, puesto que su secretaria le informó que la señora Méndez Clara no tenía interés en el caso. En cuanto a los honorarios, el licenciado Santos Cruz adujo que, mediante carta fechada el 30 de abril de 2011, le informó a la señora Méndez Clara que estaba dispuesto a devolverle $500.00 de la cantidad pagada por adelantado en concepto de honorarios de abogado. Además, señaló que le entregó el expediente del caso a la señora Méndez Clara tan pronto ello le fue requerido.

En virtud de los hechos anteriormente relatados, el 12 de enero de 2012, la Oficina de la Procuradora General presentó un informe en el cual señaló que, de la investigación realizada, el licenciado Santos Cruz pudo haber infringido los cánones 18, 19 y 38 del Código de Ética Profesional. Evaluado dicho informe, el 24 de febrero de 2012, este Tribunal emitió una resolución concediéndole un término al querellado para que éste se expresara sobre

---

[3] Por ejemplo, comparecer a varias vistas pautadas por el foro primario y cursar un interrogatorio a la parte demandada.

el mismo. Habiendo *recibido* la oportuna oposición del licenciado Santos Cruz al informe en cuestión, el 25 de marzo de 2012, este Tribunal le ordenó a la Procuradora General que presentara la querella correspondiente, la cual se presentó el 13 de febrero de 2013.

De otra parte, el 23 de septiembre de 2013, este Tribunal nombró a la Hon. Crisanta González Seda, ex Juez del Tribunal de Primera Instancia, como Comisionada Especial. Así, luego de los trámites de rigor –que incluyeron la celebración de vistas y la estipulación de hechos-, ésta emitió el informe correspondiente, en el cual concluyó que, en efecto, el licenciado Santos Cruz contravino los deberes éticos que disponen los cánones 18, 19 y 38. No obstante, añadió que, al momento de imponer la sanción, este Tribunal debería tomar en consideración la buena reputación del querellado.

II

A

El canon 18 del Código de Ética Profesional dispone, en lo pertinente, que "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Cód. Ética Prof., 4 L.P.R.A. Ap. IX, C. 18. Así, es innegable que este canon consagra un deber ineludible, según el cual el abogado ha de tramitar las causas de sus clientes desplegando todo su conocimiento

y sus habilidades. Véase *In re Cuevas Velázquez*, 174 D.P.R. 433, 442 (2008). Ello, además, ateniéndose a los parámetros que la "profesión jurídica en general estim[e] adecuad[os] y responsable[s]". 4 L.P.R.A. Ap. IX, C. 18. De otra parte, es menester destacar que "[c]uando se infringe el Canon 18, 'el perjuicio directo lo padece la propia parte negligente no logrando la concreción de lo pretendido'". *In re Nieves Nieves*, 181 D.P.R. 25, 37-38 (2011) (*citando a* R.L. Vigo, *Ética del abogado: Conducta procesal indebida* 103 (2da ed. 2003)).

En el pasado, este Tribunal ha señalado una serie de situaciones prácticas que, a modo de ejemplo, configuran una violación al deber de diligencia que impone el canon 18, a saber, cuando un abogado: (1) no comparece a los señalamientos del tribunal; (2) no contesta los interrogatorios sometidos; (3) no informa a las partes sobre la presentación de un perito; (4) desatiende o abandona el caso; (5) permite que expire el término prescriptivo o jurisdiccional de una acción, y (6) incurre en cualquier tipo de actuación negligente que pueda conllevar o, en efecto, resulte en la desestimación o archivo del caso. Véase *In re Nieves Nieves*, 181 D.P.R. en la pág. 38; *In re Vilches López*, 170 D.P.R. 793, 798 (2007). Véase, también, Sigfrido Steidel Figueroa, *Ética y responsabilidad disciplinaria del abogado* 180-81 (2010). De particular interés para el caso que nos ocupa, "[h]emos sostenido, sin ambages, que aquella actuación negligente

que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo del caso, se configura violatoria del citado Canon 18". *In re Pujol Thompson*, 171 D.P.R. 683, 689 (2007); véase, también, *In re Cuevas Borrero*, 185 D.P.R. 189, 199 (2012).

B

De otro lado, el canon 19, en lo que atañe a la conducta que nos compete, dispone que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". Cód. Ética Prof., 4 L.P.R.A. Ap. IX, C. 19. No cabe duda de que la obligación que dicho canon consagra "constituye un elemento imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente". *In re Colón Moreira*, 172 D.P.R. 49, 57 (2007). Véase, también, *In re Muñoz Morell*, 182 D.P.R. 738, 752 (2011); *In re García Muñoz*, 170 D.P.R. 780 (2007); *In re Criado Vázquez*, 155 D.P.R. 436 (2001); *In re Flores Ayffán*, 150 D.P.R. 907 (2000). Esta obligación, además, constituye un deber ético independiente de la diligencia que, en virtud del canon 18, se le exige al abogado en todo momento durante su gestión profesional. Véase, por ejemplo, *In re Hernández Pérez I*, 169 D.P.R. 91 (2006).

En particular, es deber del abogado informar a su cliente de cualquier determinación que le sea adversa, sobre todo cuando ésta ponga fin, total o parcialmente, a una causa de acción. *In re Hernández Pérez*, 169 D.P.R. en

la pág. 104. *Cf. Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984); *In re Cardona Vázquez*, 108 D.P.R. 6 (1978).

Este Tribunal ha establecido que "el deber de informar continuamente [sobre asuntos importantes] establecido en el Canon 19 es del abogado para con el cliente, mas no del cliente para con el abogado". *In re Muñoz Morell*, 182 D.P.R. en la pág. 753. Así, en cabal cumplimiento con dicho deber, el abogado deberá velar por que la comunicación con su cliente sea efectiva. Asimismo, el abogado no podrá excusar su incumplimiento con el deber de mantener informado a su cliente alegando que éste se tornó inaccesible. "En es[os] caso[s] es necesario que el abogado indique las gestiones que realizó para comunicarse con su cliente". *In re Muñoz Morell*, 182 D.P.R en la pág. 754. De igual forma, de lo anterior es inevitable colegir que el abogado no podrá eludir su deber ético delegando en terceros lo que sólo a él le compete, aun cuando éstos sean personas de su entera confianza. Ante todo, el abogado debe cerciorarse de que su cliente esté debidamente informado de todos los asuntos importantes que se susciten en la tramitación de su caso.

### III

En atención a las pautas éticas anteriormente esbozadas, es forzoso concluir que el licenciado Santos Cruz contravino las mismas.[4] Esto, toda vez que no desplegó

---

[4] Por entender que las actuaciones del licenciado Santos Cruz constituyen violaciones a los cánones 18 y 19, y son

la diligencia debida en la tramitación de la causa de acción de la señora Méndez Clara. Asimismo, incumplió su deber de mantener informada a su cliente de los pormenores y la tramitación del caso.

En primer lugar, el licenciado Santos Cruz actuó negligentemente al dejar de presentar la solicitud de emplazamientos por edicto dentro del término que para ello le concedió el foro primario. Máxime, cuando fue él mismo quien le solicitó al tribunal dicho término y cuando tal proceder acarreó el archivo de la causa de acción de su cliente. Al proceder de esta forma, no desplegó la diligencia que la profesión jurídica, en general, estima adecuada y responsable.

Es evidente, también, que el licenciado Santos Cruz incumplió palmariamente con su deber de mantener informado a su cliente sobre los asuntos importantes de la tramitación de la causa de acción de éste. En el caso que nos ocupa, el licenciado Santos Cruz no procuró informarle prontamente a la señora Méndez Clara sobre las incidencias procesales en la causa de acción que ésta le confió. Además, según se desprende de la propia comparecencia del querellado, éste no procuró informarse por sí mismo del interés de su cliente en el caso y, en cambio, confió, sin más, en lo que su secretaria presuntamente le comunicó.

A pesar de lo anterior, no podemos pasar por alto el hecho de que esta es la primera ocasión en que el

sancionables bajo éstos, consideramos superfluo, en este caso, acudir al Canon 38.

licenciado Santos Cruz es objeto de un procedimiento de esta índole. Asimismo, obra en autos numerosa prueba, estipulada entre las partes, la cual da cuenta de la buena reputación del letrado durante gran parte de su carrera profesional. Por ende, estimamos procedente únicamente, como sanción, *censurar enérgicamente* al licenciado Santos Cruz, apercibiéndole que, en el futuro, se deberá ceñir estrictamente a las disposiciones del Código de Ética Profesional. De igual forma, conforme a lo pactado entre éste y la señora Méndez Clara, se le ordena que le restituya a ésta $500.00, en concepto de honorarios de abogado no devengados durante su gestión.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

José R. Santos Cruz                    CP-2013-07

SENTENCIA

San Juan, Puerto Rico, a 10 de junio de 2015

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, estimamos procedente únicamente, como sanción, *censurar enérgicamente* al licenciado Santos Cruz, apercibiéndole que, en el futuro, se deberá ceñir estrictamente a las disposiciones del Código de Ética Profesional. De igual forma, conforme a lo pactado entre éste y la señora Méndez Clara, se le ordena que le restituya a ésta $500.00, en concepto de honorarios de abogado no devengados durante su gestión.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres hace constar la siguiente expresión a la que se une el Juez Asociado señor Feliberti Cintrón: "El Juez Asociado señor Martínez Torres suspendería al Lcdo. José R. Santos Cruz por un término de tres meses, porque considera que su conducta, además de quebrantar los Cánones 18 y 19, también contravino el Canon 38. Véase, Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, C. 19 y C. 38." El Juez Asociado señor Estrella Martínez concurre sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo