EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> José A. Miranda Daleccio | 2015 TSPR 127 <br><br> 193 DPR ____ |

Número del Caso: CP-2013-6


Fecha: 15 de septiembre de 2015


Oficina de la Procuradora General:

   Lcda. Lisa M. Durán Ortiz
   Procuradora General Interina

   Lcda. Minnie H. Rodríguez López
   Procuradora General Auxiliar


Abogado del Querellado:

   Lcdo. John Donato Olivencia


Comisionado Especial:

   Hon. Carlos Dávila Vélez



Materia: Conducta Profesional - La suspensión será efectiva el 25 de septiembre 2015 fecha en que se le notificó al abogado de su suspensión inmediata por el término de tres meses.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Miranda Daleccio                CP-2013-6          Conducta
                                                           Profesional

PER CURIAM

San Juan, Puerto Rico, a 15 de septiembre de 2015.

Este Tribunal tiene la encomienda de atender una querella presentada contra el Lcdo. José A. Miranda Daleccio, a quien se le imputa infringir los Cánones 12, 18, 19 y 38 del Código de Ética Profesional, *infra*. Por entender que el proceder del letrado se apartó de lo que prescriben los referidos cánones, procede ejercer nuestra facultad disciplinaria. Veamos.

**I**

El caso de autos se inició en el 2011 cuando la Sra. María E. Bellido Díaz y su esposo, José M. Rovira Martinó (querellantes) presentaron una queja contra el Lcdo. José A. Miranda Daleccio

(licenciado Miranda Daleccio o querellado).[1] En esencia, los querellantes expresaron que contrataron los servicios del licenciado Miranda Daleccio para que los representara en un pleito civil. A esos fines, el 18 de octubre de 2005, el letrado, en representación de Servicios Médicos de Hormigueros, Inc., los querellantes y la sociedad de gananciales compuesta por ambos, presentó una demanda (caso KPE-2005-3883) sobre incumplimiento de contrato e *injunction* permanente contra MCS Health Management Options, Inc., Medical Card System, Inc., Hostos Medical Services, Inc., el Dr. José C. Román Carlo, su esposa Fulana Román y la sociedad de gananciales compuesta por éstos. De acuerdo a los querellantes, el licenciado Miranda Daleccio faltó a su deber de diligencia en la tramitación del aludido caso.

En específico, señalaron que el togado no contestó los mecanismos de descubrimiento de prueba cursados por los demandados, así como tampoco se opuso a ninguna de las mociones de desestimación presentadas por éstos. Adujeron que el pleito fue desestimado debido al incumplimiento de éste con varias órdenes emitidas por el Tribunal de Primera Instancia. Asimismo, arguyeron que el licenciado Miranda Daleccio incumplió con el deber ético de mantenerlos informados de todo aspecto importante ocurrido en el asunto que se le encomendó, ya

---

[1]El licenciado Miranda Daleccio fue admitido al ejercicio de la abogacía el 8 de agosto de 1990 y a la

que no les notificó que el caso para el cual fue contratado había sido desestimado.

Posteriormente, el licenciado Miranda Daleccio presentó su contestación a la queja. En ésta, ofreció su versión con relación a los términos de su contratación, las complejidades del caso para el cual se contrató, el alto costo de los trámites y los servicios profesionales prestados. Además, indicó que en una reunión con el señor Rovira Martinó dialogó en torno a la desestimación del caso KPE-2005-3883 y la posibilidad de presentar nuevamente el reclamo, por entender que la desestimación era sin perjuicio.

El 7 de septiembre de 2011, la queja contra el licenciado Miranda Daleccio fue referida a la Oficina del Procurador General. Así las cosas, el 23 de enero de 2012, la Oficina del Procurador General presentó un informe en el cual señaló que el licenciado Miranda Daleccio quebrantó los Cánones 12, 18 y 19 del Código de Ética Profesional, *infra*. Por su parte, el letrado presentó un escrito intitulado *Reacción a Informe del Procurador General*. En síntesis, reconoció que incurrió en errores con relación a su desempeño en el caso KPE-2005-3883. Expresó que se trataba de un evento aislado que respondía a una situación personal por la que atravesaba en esos momentos, entiéndase: (1) la litigación de un caso personal en materia de derecho de

_____

práctica de la notaría el 26 de septiembre del mismo año.

familia; (2) la súbita muerte de su hermano; y (3) la eventual afección de salud de sus padres como consecuencia de tal fallecimiento. Señaló que los perjuicios sufridos por los querellantes fueron causados por motivos involuntarios. Además, el licenciado Miranda Daleccio enfatizó en que, tras varios trámites apelativos instados por los querellantes, el caso KPE-2005-3883 se encontraba activo.

Examinado el referido informe, el 6 de julio de 2012, emitimos una Resolución mediante la cual le ordenamos a la Oficina del Procurador General presentar una querella contra el licenciado Miranda Daleccio. En cumplimiento con el mandato de este Tribunal, el 12 de febrero de 2013, se presentó la respectiva *Querella*. En ésta, se le imputó al licenciado Miranda Daleccio la infracción de los Cánones 12, 18 y 19 del Código de Ética Profesional, *infra*.

En particular, la Oficina del Procurador General sostuvo que el letrado quebrantó los preceptos del Canon 12, *infra*, al no acatar varias órdenes dictadas por el foro judicial y causar dilaciones innecesarias en el trámite del caso.[2] Asimismo, señaló que lo dispuesto en

---

[2]Esencialmente, se desprende de los autos que el licenciado Miranda Daleccio desatendió varias órdenes emitidas por el Tribunal de Primera Instancia en las cuales se le requería lo siguiente: (1) contestar los mecanismos de descubrimiento de prueba cursados por los demandados; (2) reaccionar a varias mociones de desestimación instadas por los demandados; y (3) mostrar causa por la cual no le debían imponer sanciones económicas.

el Canon 18, *infra*, fue transgredido, toda vez que el licenciado Miranda Daleccio no defendió diligentemente los intereses de sus clientes, ni evitó que éstos incurrieran en gastos o demoras irrazonables. De acuerdo a la Oficina del Procurador General, la acción judicial incoada por los querellantes fue desestimada por motivo de la falta de diligencia del letrado en el trámite de dicho pleito, lo cual se evidenció con la copia certificada del expediente judicial. Del mismo modo, la Oficina del Procurador General concluyó que el licenciado Miranda Daleccio contravino el Canon 19, *infra*, al no mantener informados a sus clientes de todo asunto importante con relación a la gestión encomendada. En particular, el letrado no les informó de la situación precaria de su acción judicial ni tampoco de la sentencia que la desestimó.

Tras varios trámites procesales, el 3 de mayo de 2013, el licenciado Miranda Daleccio presentó un *Escrito en Contestación de Querella*. Por medio de éste, solicitó que los argumentos esgrimidos en su contestación a la queja y reacción al informe de la Oficina del Procurador General se acogieran como su contestación a la querella. Nuevamente, hizo hincapié en que los intereses de los querellantes no se afectaron, toda vez que el caso KPE-2005-3883 sigue tramitándose ante el Tribunal de Primera Instancia. Ante ello, solicitó el archivo de la querella presentada en su contra.

Examinada tanto la *Querella* como la contestación a ésta, el 8 de octubre de 2013, dictamos una Resolución mediante la cual nombramos al Hon. Carlos S. Dávila Vélez para que, en calidad de Comisionado Especial, recibiera prueba y rindiera un informe con las determinaciones de hechos y recomendaciones pertinentes. Luego de varios eventos procesales ante el Comisionado Especial, el 17 de marzo de 2014, la Oficina del Procurador General presentó ante este Tribunal una *Solicitud de Enmienda a Querella*. En síntesis, expresó que tras reevaluar el expediente del caso y la prueba disponible se encontró evidencia suficiente para imputarle al licenciado Miranda Daleccio la violación al Canon 38 del Código de Ética Profesional, *infra*. Por tanto, solicitó enmendar la querella de autos para incluir el cargo de violación al aludido canon. Atendida esta solicitud, la declaramos con lugar. Así las cosas, la Oficina del Procurador General presentó una querella enmendada en la cual le imputó al letrado la violación al Canon 38, *infra*, al incurrir en conducta impropia y/o apariencia de la misma. Además, argumentó que el desempeño del querellado en la tramitación del caso KPE-2005-3883 no exalta el honor y la dignidad de la profesión a la que pertenece.

Con posterioridad, el licenciado Miranda Daleccio presentó su contestación a la querella enmendada. Esencialmente, negó que hubiera incurrido en infracción del Canon 38. Expresó que no facturó ni intentó cobrar

honorarios por gestiones no realizadas y que los honorarios facturados corresponden a los servicios prestados y no pagados. Adujo que las cantidades facturadas no fueron objetadas por los querellantes y que de éstos presentar un reclamo de esa índole las cantidades se ajustarían. En la alternativa, alegó que cualquier diferencia con los cómputos de servicios prestados y facturados se debió a un error o negligencia excusable en su sistema de facturación.

Cabe señalar que durante los procedimientos ante el Comisionado Especial, el licenciado Miranda Daleccio solicitó enmendar su contestación a la querella. Así las cosas, presentó un escrito intitulado *Contestación Enmendada a Querella y Memorial Explicativo*. En éste, aceptó que quebrantó los Cánones 12, 18 y 19 del Código de Ética Profesional, *infra*. En lo concerniente al Canon 38, aceptó la imputación, pero aclaró que no facturó ni intentó cobrar honorarios por gestiones no realizadas. Además, indicó que en aras de mitigar los daños de los querellantes, presentó una demanda contra su aseguradora ante el Tribunal de Primera Instancia.[3] Por su parte, la Oficina del Procurador General no tuvo objeción al escrito presentado por el querellado. No obstante, aclaró que éste no puede alegar la existencia de una

---

[3]En síntesis, el licenciado Miranda Daleccio demandó a su aseguradora (Universal Insurance Co.) y solicitó que se dictara sentencia declaratoria estableciendo que su póliza de seguros cobija la reclamación extrajudicial de los querellantes, razón por la cual la aseguradora debía responder.

comunicación efectiva con los querellantes, ya que nunca le informó de la desestimación del caso KPE-2005-3883.

Luego de los trámites de rigor, el 29 de abril de 2014, el Comisionado Especial emitió su *Informe*. Concluyó que el licenciado Miranda Daleccio infringió los Cánones 12, 18, 19 y 38 del Código de Ética Profesional, *infra*. En cuanto al cargo por violación al Canon 38, estimó pertinente aclarar que la Oficina del Procurador General nunca le imputó al letrado cobrar o intentar cobrar honorarios por gestiones no realizadas. Finalmente, el Comisionado Especial señaló que al momento de imponer la sanción disciplinaria correspondiente este Tribunal debe considerar varios factores, a saber: (1) la aceptación de los cargos por parte del togado; (2) que al presente el caso KPE-2005-3883 está ventilándose ante el Tribunal de Primera Instancia; (3) que el querellado goza de una excelente reputación profesional y personal; y (4) que no medió ánimo de lucro en sus actuaciones.

## II

Cónsono con su facultad inherente de regular la profesión, este Tribunal tiene la encomienda de procurar que los miembros admitidos a la práctica de la abogacía ejerzan sus funciones de forma responsable, competente y diligente. *In re* Del Castillo Del Valle, 191 DPR 633, 639 (2014); *In re* Rodríguez Amaro, 189 DPR 307, 312 (2013); *In re* López Morales, 184 DPR 334, 347 (2012); *In re* Gutiérrez Santiago, 179 DPR 739, 743 (2010). A esos

efectos, el Código de Ética Profesional, 4 LPRA Ap. IX, contiene las normas mínimas de conducta que deben guiar a los miembros de la profesión en el desempeño de su función. *In re Guemárez Santiago*, 191 DPR 611, 617-618 (2014); *In re Ortiz Delgado*, 189 DPR 826, 830 (2013); *In re Falcón López*, 189 DPR 689, 695 (2013). El referido Código tiene el objetivo de propiciar que éstos se desempeñen en armonía con los más ilustrados principios éticos y morales, para beneficio de la profesión jurídica, la ciudadanía y nuestras instituciones de justicia. *In re Guemárez Santiago*, *supra*, pág. 618*; In re Ortiz Delgado*, *supra*, pág. 830; *In re Falcón López*, *supra*, pág. 695.

En lo pertinente al asunto que nos ocupa, debemos señalar que el Canon 12 del Código de Ética Profesional le impone al abogado el deber ineludible de tramitar las causas que le son encomendadas de forma responsable, con puntualidad y diligencia. *In re Hernández González*, 188 DPR 721, 727 (2013); *In re Vélez Báez*, 176 DPR 201, 207 (2009). Expresamente, el canon dispone que:

> [e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos, ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente. 4 LPRA Ap. IX, C. 12.

En repetidas ocasiones hemos expresado que la incomparecencia injustificada a las vistas señaladas por el tribunal y, peor aún, las actuaciones y omisiones que coloquen en riesgo la causa de acción de los clientes, son violaciones patentes al Canon 12. *In re* Valentín Custodio, 187 DPR 529, 543 (2012); *In re* Cuevas Borrero, 185 DPR 189, 198 (2012); *In re* Cuevas Vázquez, 174 DPR 433, 441 (2008). La falta de diligencia en la tramitación de los casos constituye un tipo de conducta irresponsable y contrario a lo establecido en el referido canon. *In re* Valentín Custodio, *supra*, pág. 543; *In re* Cuevas Vázquez, *supra*, pág. 441; *In re* Rosado Nieves, 159 DPR 746, 757 (2003). La obligación de ser puntual en el trámite del litigio y desplegar todas las diligencias necesarias frente al tribunal ha de cumplirse por el abogado durante todas las etapas del litigio. *In re* Muñoz Morell, 182 DPR 738, 750 (2011); *In re* Rodríguez Villalba, 160 DPR 774, 779 (2003); *In re* Collazo I, 159 DPR 141, 148 (2003).

Además, cónsono con lo que dicta el Canon 12, hemos enfatizado que los togados deben la más estricta observancia a las órdenes judiciales. La continua desobediencia a las órdenes judiciales demuestra una grave infracción a los principios básicos de ética profesional que exigen el mayor respeto hacia los tribunales. *In re* Cuevas Borrero, *supra*, pág. 198; *In re* Collazo I, *supra*, pág. 149. Ello, pues, el comportamiento de todo abogado "no debe ser otro que el

fiel cumplimiento de la ley y el respeto al poder judicial". *In re* Cuevas Borrero, *supra*, pág. 198; *In re* Díaz Alonso, Jr., 115 DPR 755, 762 (1984).

Por su parte, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, le impone a todo letrado el deber de defender los intereses de su cliente de forma capaz y diligente, "desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Íd.; *véanse*, además, *In re* Guemárez Santiago, *supra*, pág. 618; *In re* Pietri Torres, 191 DPR 482, 488 (2014); *In re* Reyes Coreano, 190 DPR 739, 750 (2014). A su vez, el Canon 18 establece claramente que es impropio de un abogado asumir la representación legal de un cliente cuando sabe que no puede llevar a cabo una labor competente y que no puede prepararse de forma adecuada, sin que ello conlleve gastos o demoras irrazonables a su cliente. 4 LPRA Ap. IX, C. 18.

Reiteradamente, hemos señalado que el deber de diligencia constituye una obligación básica y elemental del abogado hacia su cliente. *In re* Pietri Torres, *supra*, pág. 488; *In re* Dávila Toro, 179 DPR 833, 842 (2010). Es por ello que un togado quebranta su deber de diligencia cuando no realiza las gestiones que le fueron encomendadas en el tiempo oportuno, de la forma adecuada y sin dilaciones. *In re* Pietri Torres, *supra*, pág. 488; *In re* Reyes Coreano, *supra*, pág. 750-751. Por tanto, el

deber de diligencia que surge del Canon 18 es del todo incompatible con la desidia, despreocupación y displicencia en el trámite de un caso. *In re* Guemárez Santiago, *supra*, pág. 619; *In re* Pietri Torres, *supra*, pág. 488; *In re* Reyes Coreano, *supra*. pág. 717.

En atención a lo anterior, este Tribunal ha enumerado una serie de situaciones que, a modo de ejemplo, constituyen una violación al deber de diligencia que emana del Canon 18. Éstas se refieren a las circunstancias en que un abogado: (1) no comparece a los señalamientos del tribunal; (2) no contesta los interrogatorios sometidos; (3) no informa a las partes sobre la presentación de un perito; (4) desatiende o abandona el caso; (5) permite que expire el término prescriptivo o jurisdiccional de una acción; e (6) incurre en cualquier tipo de actuación negligente que pueda conllevar o, en efecto, resulte en la desestimación o archivo del caso. *In re* Santos Cruz, res. el 10 de junio de 2015, 2015 TSPR 75, 193 DPR ___ (2015); *In re* Nieves Nieves, 181 DPR 25, 38 (2011); *In re* Vilches López, 170 DPR 793, 798 (2007); *véase*, además, S. Steidel Figueroa, Ética y responsabilidad disciplinaria del abogado, San Juan, Pubs. JTS, 2010, págs. 180-181. En lo que atañe al caso de epígrafe, este Tribunal ha sostenido, sin ambages, que aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo del caso, viola el Canon 18. *In re* Santos Cruz, *supra*; *In re*

Cuevas Borrero, *supra*, pág. 199; *In re* Pujol Thompson, 171 DPR 683, 689 (2007).

Por otra parte, el Canon 19 dispone, en lo pertinente, que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". 4 LPRA Ap. IX, C. 19. Sin duda, esta obligación es un elemento indispensable en la relación fiduciaria que existe entre el abogado y su cliente. *In re* Santos Cruz, *supra*; *In re* Muñoz Morell, *supra*, 752; *In re* Colón Moreira, 172 DPR 49, 57 (2007); *In re* García Muñoz, 170 DPR 780, 788 (2007). Además, constituye un deber ético independiente de la diligencia que, en virtud del Canon 18, se le exige al abogado durante su gestión profesional. *In re* Santos Cruz, *supra*; *In re* Hernández Pérez I, 169 DPR 91, 103 (2006).

Reiteramos que es una obligación ineludible de todo miembro de la profesión informar a su cliente de cualquier determinación que le sea adversa, más aún cuando ésta ponga fin, total o parcialmente, a una causa de acción. *In re* Santos Cruz, *supra*; *In re* Hernández Pérez I, *supra*, pág. 104. Enfatizamos en que los casos pertenecen a los clientes y ellos tienen derecho a estar informados de todos los trámites importantes que sucedan. *In re* Muñoz Morell, *supra*, 753. En fin, es deber del abogado cerciorarse de que su cliente esté debidamente informado de todos los asuntos importantes

que se susciten en la tramitación de su caso. *In re Santos Cruz*, *supra*.

Por último, del Canon 38, 4 LPRA Ap. IX, C. 38, surge que los letrados vienen llamados a esforzarse, al máximo de su capacidad, en exaltar el honor y la dignidad de su profesión. Éstos deben conducirse de forma digna y honorable y evitar hasta la apariencia de conducta profesional impropia. Íd. Cónsono con ello, consecuentemente este Tribunal ha expresado que por ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercitan. *In re Guemárez Santiago*, *supra*, pág. 620; *In re Ayala Vega*, 189 DPR 672, 682 (2013); *In re Santiago Ríos*, 172 DPR 802, 822 (2007); *In re Quiñones Ayala*, 165 DPR 138, 145 (2005).

Examinados los preceptos pertinentes, procedemos a exponer nuestro criterio en lo que respecta al asunto que nos ocupa.

### III

Según indicado, al Lcdo. José A. Miranda Daleccio se le imputa transgredir los Cánones 12, 18, 19 y 38 del Código de Ética Profesional que rige nuestra profesión. Luego de evaluar la prueba que obra en su expediente, concluimos que éste se apartó de lo que dictan los mencionados cánones. Veamos.

Convenimos con el Comisionado Especial en cuanto a que el licenciado Miranda Daleccio contravino lo

establecido en el Canon 12. Como se expuso, reiteradamente éste hizo caso omiso a las órdenes dictadas por el Tribunal de Primera Instancia. Es decir, en repetidas ocasiones desobedeció los requerimientos del foro judicial dirigidos a que contestara el descubrimiento de prueba cursado por los demandantes, que reaccionara a las solicitudes de desestimación instadas por éstos y que mostrara causa por la cual no se le debían imponer sanciones. Así, constituye un hecho irrefutable que el licenciado Miranda Daleccio no fue diligente ni responsable en la tramitación de la causa que se le encomendó. Todo lo contrario, su continuo incumplimiento con las órdenes emitidas por el tribunal ocasionó dilaciones innecesarias y, peor aún, que se desestimara el caso de sus clientes.

A su vez, coincidimos con el criterio del Comisionado Especial con relación a que el licenciado Miranda Daleccio violó el Canon 18. La evidencia desfilada demostró que éste no fue competente ni diligente al tramitar la acción judicial de los querellantes. Como se señaló, el pleito incoado por éstos fue desestimado por motivo de la falta de diligencia del letrado. Sin duda, ello ha aparejado gastos y demoras irrazonables a los querellantes, en clara transgresión a lo establecido en el Canon 18.

Por su parte, también concluimos que el querellado infringió el Canon 19. Es evidente que éste incumplió con su deber ineludible de mantener informados a sus

clientes sobre los asuntos importantes que surgieron en la tramitación el caso que se le encomendó. Esto es, el licenciado Miranda Daleccio no procuró informarles las incidencias procesales de su causa de acción y, más grave aún, no les informó de su desestimación.

En fin, también consideramos que el licenciado Miranda Daleccio contravino el Canon 38. Su desempeño en la tramitación de la gestión judicial para la cual se contrató se caracterizó por actuaciones y omisiones intolerables, por desidia, despreocupación y displicencia. Evidentemente, el proceder del querellado fue contrario al deber de esforzarse al máximo de su capacidad, al igual que exaltar y preservar el honor y la dignidad de la profesión a la que pertenece.

Ahora bien, tal como lo indicó el Comisionado Especial, existen varios factores atenuantes que podemos considerar al momento de imponer la sanción disciplinaria al licenciado Miranda Daleccio.[4] A esos efectos, tomamos como atenuantes a favor del querellado que éste constituye su primer proceso disciplinario, que

---

[4]En numerosas ocasiones este Tribunal ha afirmado que al momento de determinar la sanción disciplinaria que se le impondrá al letrado, se pueden considerar varios factores, a saber: (1) la reputación en la comunidad; (2) el historial previo; (3) si es la primera falta; (4) la aceptación de la falta y su sincero arrepentimiento; (5) si se trata de una conducta aislada; (6) el ánimo de lucro que medió en su actuación; (7) si ninguna parte se ha visto perjudicada; (8) el resarcimiento al cliente; y (9) cualesquiera otras circunstancias que medien como atenuantes o agravantes de acuerdo con los hechos. *In re* Hernández González, 188 DPR 721, 729 (2013); *In re* Cuevas Borrero, 185 DPR 189, 205 (2012).

aceptó las infracciones cometidas y expresó sentirse arrepentido por sus actuaciones. Asimismo, existe prueba en el expediente que da cuenta de la buena reputación del letrado en su carrera profesional. Por último, cabe señalar que el caso KPE-2005-3883 está activo y tramitándose ante el Tribunal de Primera Instancia, por lo cual los querellantes no han perdido su causa de acción.

Ante el escenario descrito, nos vemos obligados a ejercer nuestra facultad inherente de regular la profesión y, en consecuencia, suspender inmediatamente del ejercicio de la abogacía al licenciado Miranda Daleccio por el término de 3 meses.

**IV**

En virtud de los fundamentos expuestos, suspendemos inmediatamente del ejercicio de la abogacía al Lcdo. José A. Miranda Daleccio por el término de 3 meses.

En consecuencia, se le impone al señor Miranda Daleccio el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a

partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Miranda Daleccio y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. José A. Miranda Daleccio por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Miranda Daleccio          CP-2013-6          Conducta
                                                     Profesional

SENTENCIA

San Juan, Puerto Rico, a 15 de septiembre de 2015.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente del ejercicio de la abogacía al Lcdo. José A. Miranda Daleccio por el término de 3 meses.

En consecuencia, se le impone al señor Miranda Daleccio el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Miranda Daleccio y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia al Sr. José A. Miranda Daleccio por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.


María I. Colón Falcón
Secretaria del Tribunal Supremo Interina