EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Luis M. Polanco Ortiz | 2016 TSPR 173<br><br>196 DPR ____ |

Número del Caso: CP-2015-11

Fecha: 2 de agosto de 2016

Abogado del querellado:

       Por derecho propio

Oficina de la Procuradora General:

       Lcda. Margarita Mercado Echegaray
       Procuradora General

       Lcda. Karla Pacheco Álvarez
       Subprocuradora General Auxiliar

       Lcda. Yaizamarie Lugo Fontanez
       Procuradora General Auxiliar

Comisionado Especial:

       Lcdo. Carlos S. Dávila Vélez

Materia: Conducta Profesional – La suspensión será efectiva el 19 de agosto de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:  Lcdo. Luis M. Polanco Ortiz | CP-2015-11 |  |

*PER CURIAM*

San Juan, Puerto Rico, a 2 de agosto de 2016.

I

El Lcdo. Luis M. Polanco Ortiz (licenciado Polanco Ortiz) fue admitido al ejercicio de la abogacía el 20 de enero de 1989 y prestó juramento como notario el 30 de marzo de 1989.[1] El 22 de julio de 2015 la Procuradora General presentó una Querella sobre conducta profesional en su contra por violaciones a los Cánones 9, 12, 18, 19, 20 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Examinemos los hechos que provocaron la presentación de la Querella.

El Sr. John Hernández Vargas (señor Hernández Vargas o Querellante) contrató al licenciado Polanco Ortiz para apelar tres (3) Sentencias que fueron emitidas en su contra en los Casos I4CR2007-00185, I4CR2007-00186 y I4CR2007-

---

[1] El Lcdo. Luis M. Polanco Ortiz fue suspendido indefinidamente del ejercicio de la abogacía y la notaría el 20 de agosto de 2010 y reinstalado al ejercicio de la abogacía el 9 de octubre de 2014.

00187.[2]    Así las cosas, el licenciado Polanco Ortiz presentó el recurso de apelación el 19 de diciembre de 2007. Posteriormente, el Tribunal de Apelaciones requirió a la parte apelante informar el método de presentación de prueba en conformidad con la Regla 76 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.[3] La Resolución fue notificada y recibida por el letrado. Al no haberse dado cumplimiento con la Orden, el Tribunal de Apelaciones emitió otra Resolución en la que autorizaba y ordenaba la presentación de la transcripción de la prueba oral de conformidad con la Regla 76 (B) del Reglamento, *supra*, y los términos allí establecidos.[4] Esta Resolución fue notificada y recibida por el letrado.

La parte no compareció por lo que el Tribunal de Apelaciones emitió una Resolución ordenándole al licenciado Polanco Ortiz mostrar causa por la cual no debía imponerle una sanción económica por doscientos dólares ($200.00) tras incumplir con sus Órdenes.[5] De igual forma apercibió a la parte apelante que de la acción disciplinaria no surtir efecto, procedería a desestimar el recurso. Ordenó que esta fuera notificada tanto al abogado como a la parte. Esta

---

[2] Previamente el señor Hernández Vargas había contratado al licenciado Polanco Ortiz para presentar una Moción de Reconsideración en los mismos casos.

[3] La Resolución fue emitida el 15 de enero de 2008 y notificada el 23 de enero siguiente.

[4] La Resolución fue emitida el 5 de marzo de 2008 y notificada el 10 de marzo siguiente.

[5] La Resolución fue emitida el 16 de mayo de 2008 y notificada el 22 de mayo siguiente.

Resolución fue notificada y recibida por el licenciado Polanco Ortiz.[6]

La Orden del tribunal no fue cumplida por lo que el foro apelativo intermedio emitió una Resolución imponiendo al licenciado Polanco Ortiz una sanción de doscientos dólares ($200.00) en sellos de rentas internas a cumplirse dentro del término de quince (15) días so pena de disponer del recurso de apelación bajo la Regla 83(C) del Reglamento, *supra*.[7] La Resolución fue notificada y recibida por el licenciado Polanco Ortiz.

El 16 de junio de 2008, la Oficina de la Procuradora General solicitó la desestimación de la apelación y notificó copia de la misma al licenciado Polanco Ortiz a su dirección de récord. La copia fue recibida por este. Así, el 30 de junio de 2008, notificada el 10 de julio siguiente, el Tribunal de Apelaciones emitió Sentencia y desestimó la apelación presentada. La Sentencia fue notificada y recibida por el licenciado Polanco Ortiz. No obstante, el 21 de agosto de 2008 el Tribunal de Primera Instancia emitió una Resolución ordenando la comparecencia del señor Hernández Vargas a una vista el 24 de septiembre de 2008. A esta vista no comparecieron el señor Hernández Vargas ni el licenciado Polanco Ortiz. Por ello, el tribunal señaló una vista para el 12 de noviembre de 2008

---

[6] No surge de la boleta de notificación que la Resolución del 16 de mayo de 2008 fue notificada al Sr. John Hernández Vargas.

[7] La Resolución fue emitida el 5 de junio de 2008 y notificada el 12 de junio siguiente.

en la que el Querellante tenía que mostrar causa por la que no debía ser encontrado incurso en desacato por no comparecer a la vista señalada. A la fecha, el letrado no había informado a su cliente de la Sentencia emitida.

El 12 de noviembre de 2008, el señor Hernández Vargas compareció por derecho propio y solicitó una prórroga para pagar las multas. Esta le fue otorgada. Posteriormente, pagó las multas dentro del término concedido. Así las cosas, el señor Hernández Vargas compareció ante el Tribunal de Apelaciones por derecho propio el 2 de diciembre de 2008 e indicó que no tenía conocimiento de las Resoluciones emitidas ni del incumplimiento de su abogado con las mismas. Por estas razones solicitó que se atendiera su recurso. El Tribunal de Apelaciones denegó la solicitud al ser la Sentencia final y firme.

Por estos hechos, el señor Hernández Vargas presentó una Queja contra el licenciado Polanco Ortiz ante la Oficina de la Procuradora General el 28 de enero de 2009. En esencia, sostuvo que después de la presentación del recurso de apelación, el letrado solo se comunicó con él para requerirle dinero y que no fue hasta la citación a una vista de desacato que se percató de que la apelación fue desestimada por la falta de diligencia de su abogado.

Ante la falta de colaboración del letrado con el procedimiento investigativo de la Oficina de la Procuradora General y la desatención a nuestras Órdenes, lo suspendimos indefinidamente del ejercicio de la abogacía y la notaría

el 20 de agosto de 2010. *In re Polanco Ortiz*, 179 DPR 771 (2010). Durante su suspensión presentó dos (2) escritos, entre ellos la Contestación a la Queja que dio inicio al procedimiento disciplinario que nos ocupa. El 9 de octubre de 2014 lo reinstalamos al ejercicio de la abogacía y activamos todas las Quejas que tenía pendiente ante este Tribunal, entre ellas la que atiende esta Opinión *Per Curiam*. *In re Polanco Ortiz*, 191 DPR Ap. (2014).

En su Contestación a la Queja el licenciado Polanco Ortiz solamente expresó que el Querellante no pagó los gastos de regrabación y transcripción, como tampoco parte de los honorarios de la apelación. Esto a pesar de que se los requiriera. Sostuvo que por esta razón no pudo someter la transcripción de la vista lo que conllevó la desestimación de la apelación.

Tras los trámites de rigor, el 22 de julio de 2015 la Oficina de la Procuradora General presentó una Querella en la que le imputa al licenciado Polanco Ortiz violar los Cánones 9 y 12 de Ética Profesional, *supra*, por no cumplir con las Órdenes emitidas por el Tribunal de Apelaciones para el perfeccionamiento del recurso de apelación; violar el Canon 18 de Ética Profesional, supra, al no defender diligente ni competentemente los intereses de su cliente y al no haber actuado de forma adecuada y responsable; infringir los preceptos del Canon 20 de Ética Profesional, supra, al no solicitar al tribunal la renuncia a la representación de su cliente en el trámite apelativo;

violar los preceptos del Canon 19 de Ética Profesional al no informarle a su cliente de la Sentencia adversa, y violar el Canon 38 de Ética Profesional, *supra*.

El licenciado Polanco Ortiz presentó su contestación a las alegaciones expuestas en la Querella y reiteró sus expresiones previas. Así, el 3 de octubre de 2015 nombramos al Hon. Carlos S. Dávila Vélez Comisionado Especial, quien finalmente concluyó que el licenciado Polanco Ortiz incurrió en conducta violatoria de todos los cánones imputados.

## II

Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re Bello Rivera*, 192 DPR 812 (2015)*; In re De Jesús Román,* 192 DPR 799 (2015). Esto pues, el Canon 9 impone a todo abogado el deber de observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Asimismo, la naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las Órdenes de este Tribunal. *In re Bello Rivera,* supra*; In re Pacheco Pacheco,* 192 DPR 553 (2015).

Por otra parte, el Canon 12, *supra*, establece en lo pertinente que "[e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas". Entre otras cosas, le requiere "desplegar

todas las diligencias necesarias para asegurarse de que no se causen dilaciones indebidas en la tramitación y solución del caso", entre ellas, dar la más estricta observancia a las órdenes judiciales. *In re Miranda Daleccio*, res. el 15 de septiembre de 2015, 2015 TSPR 127, 193 DPR __ (2015); *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Cuevas Borrero*, 185 DPR 189 (2012).

En cuanto al Canon 18, *supra*, dicho canon le impone a todo letrado el deber de defender los intereses de su cliente de forma capaz y diligente, "desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". *In re Miranda Daleccio*, supra. Constituye una violación al deber de diligencia del Canon 18, *supra*, desatender o abandonar el caso, así como incurrir en cualquier actuación negligente que pueda conllevar o en efecto, resulte en la desestimación o archivo del caso. Id.; *In re Cuevas Borrero*, supra.

Por otro lado, el Canon 20, *supra*, establece que cuando el abogado o la abogada ha comparecido ante un tribunal en representación de una parte, este no puede dejar de descargar su responsabilidad con la debida diligencia independientemente de la razón por la cual la asumió en primer lugar. *In re Iglesias García*, 183 DPR 572 (2011). Asimismo, este profesional no queda relevado de su responsabilidad con un cliente hasta que el tribunal así lo disponga y tome las medidas razonables y necesarias para

evitar que se le causen perjuicios al cliente. *In re Ortiz Guevara et al.*, res. el 21 de marzo de 2016;  195 DPR __ (2016); 2016 TSPR 55. Hasta entonces, el abogado está obligado a realizar su gestión profesional y exhibir el más alto grado de competencia y diligencia posible a tenor con las exigencias del Código de Ética Profesional, *supra*.  *In re Díaz Nieves*, 189 DPR 1000 (2013).

Asimismo, el Canon 19 del Código de Ética Profesional, *supra*, requiere a todo abogado "mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". *In re Vega Quintana*, 188 DPR 536 (2013).  Al respecto, ya hemos señalado que una sentencia desestimatoria es un asunto de tal importancia que debe ser informado inmediatamente al cliente. *In re Castro Colón*, 177 DPR 333 (2009); *In re García Muñoz*, 170 DPR 780 (2007).

Por último, el Canon 38, dispone que los abogados y las abogadas deben "esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". *In re Pestaña Segovia*, supra; *In re Iglesias García*, supra. Esto dado que como hemos reiterado, los abogados son el espejo donde se refleja la imagen de la profesión. *In re De León Rodríguez*, 190 DPR 378 (2014). Por lo tanto, "toda conducta contraria a las pautas éticas pone en entredicho las valiosas ejecutorias y beneficios a

los cuales los profesionales del derecho han contribuido históricamente". *In re Iglesias García*, supra, pág. 577.

Con estos preceptos en mente, examinemos la conducta desplegada por el licenciado Polanco Ortiz.

### III

El licenciado Polanco Ortiz sostiene que el incumplimiento que se le imputa se debió a la falta de interés del señor Hernández Vargas en el recurso, quien no pagó por la transcripción de la prueba oral ni los honorarios que le adeudaba. Las razones presentadas por el letrado no excusan su incumplimiento con las órdenes emitidas por el Tribunal de Apelaciones ni el dejar de tramitar el recurso de apelación por no presentar la transcripción de la prueba oral. Por ello concluimos que el licenciado Polanco Ortiz violó los Cánones 9 y 12 de Ética Profesional.

Por otro lado, el licenciado Polanco Ortiz desatendió el caso de forma tal que este fue desestimado. El letrado, en violación al Canon 18, no defendió diligente ni competentemente los intereses de su cliente al no informar al Tribunal de Apelaciones los métodos de reproducción de la prueba oral a utilizarse o las dificultades enfrentadas para cumplir con sus órdenes. Asimismo, este abandonó el procedimiento de apelación en violación al Canon 20 cuando tenía la capacidad de informar al Tribunal de Apelaciones de las dificultades en perfeccionar el recurso o haber presentado una moción de renuncia.

De igual forma, concluimos que el licenciado Polanco Ortiz violó los preceptos del Canon 19 de Ética Profesional al no informarle a su cliente de la sentencia adversa y al no orientar a su cliente sobre los remedios disponibles después de la desestimación del recurso de apelación.

Finalmente, concluimos que el querellado incumplió con el deber que impone el Canon 38, *supra*, de exaltar el honor y dignidad de su profesión al mostrar una falta de responsabilidad y diligencia en el manejo del caso durante la tramitación del recurso de apelación.

IV

Por los fundamentos expuestos, suspendemos inmediatamente del ejercicio de la abogacía al Lcdo. Luis M. Polanco Ortiz por el término de tres (3) meses.

En consecuencia, se le impone al señor Polanco Ortiz el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Luis M. Polanco Ortiz por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | CP-2015-11 |
|---|---|
| Lcdo. Luis M. Polanco Ortiz | |

SENTENCIA

En San Juan, Puerto Rico, a 2 de agosto de 2016.

Por los fundamentos expuestos, suspendemos inmediatamente del ejercicio de la abogacía al Lcdo. Luis M. Polanco Ortiz por el término de tres (3) meses.

En consecuencia, se le impone al señor Polanco Ortiz el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Luis M. Polanco Ortiz por la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre con el resultado y hace constar que lo suspendería por el término de seis (6) meses del ejercicio de la abogacía. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Kolthoff Caraballo no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo