*In re* MINERVA GUTIÉRREZ SANTIAGO.

*Número:* TS-9558          *Resuelto:* 22 de julio de 2010

*Mariana D. Negrón Vargas*, procuradora general interina; *Daphne M. Cordero Guilloty* y *Edna Evelyn Rodríguez Benítez*, procuradoras generales auxiliares y *Zaida Z. Girón Anadón*, subprocuradora general de la Oficina del Procurador General; *Minerva Gutiérrez Santiago, pro se; Wilfredo Alicea López*, comisionado especial.

PER CURIAM:

## I

La Lcda. Minerva Gutiérrez Santiago fue admitida al ejercicio de la abogacía el 8 de agosto de 1990.

El 12 de junio de 2007, la licenciada Gutiérrez Santiago presentó ante este Tribunal una Petición de Sentencia Declaratoria y de Auto Inhibitorio relacionada al caso seguido en su contra en *Pueblo de Puerto Rico v. Minerva Gutiérrez Santiago*, E1CR200601441, en el que se le imputó el delito de alteración a la paz y amenazas.[1] En ese recurso la licenciada Gutiérrez Santiago mostró cierta incoherencia en sus expresiones. Por ejemplo, ésta redactó lo siguiente: "Lo que pudiera haber sido-así, porque a veces nos quitábamos los zapatos por la humedad del patio, para poder caminar mejor. Y cuando íbamos a depositar en el patio

---

[1] El 4 de junio de 2008, el Tribunal de Primera Instancia ordenó el archivo del caso, hasta tanto concluyan los procedimientos relacionados con la capacidad mental de la licenciada Gutiérrez Santiago.

trasero, ramas, etc. nos encontramos con una de las dos palomas blancas, que días antes, el hijo de la Querellante soltó al lado de las marquesinas, en estado de putrefacción y gusanos, lo que nos provocó malestar y subiendo a la entrada de la bajada, llegó el hijo de la Querellante (por Casualidad no Casualidad) quien se estaba bajando de su carro …". Petición de Sentencia Declaratoria y de Auto inhibitorio, pág. 7. Más adelante, la licenciada Gutiérrez Santiago, refiriéndose a su vecina, indicó que ella "en unos comentarios, estando almorzando en la guagüita frente al Tribunal, mirándonos dijo: 'la mafia te va a matar' ". Íd., pág. 9.

Luego, la licenciada Gutiérrez Santiago señaló que surgen motivos suficientes en Derecho para que la Hon. Alicia Velázquez Pinol se inhibiera en el caso. Explica que "ya que habíamos postulado ante la misma en designación de oficio, en la que también habíamos cuestionado éticas sutiles, además de habernos invitado en horas de trabajo, entiendo en receso, para la guagüita a comprar comestibles (frutas, café, etc.) cuando estaba en Secretaría de Menores examinando el expediente". Íd., pág. 13. La abogada insinuó también que la juez se debía inhibir porque estaba en una "competencia de belleza femenina" con ella. Íd.

El 19 de enero de 2007 emitimos una Resolución en la que referimos el asunto al Procurador General para que evaluara el escrito según lo dispuesto en la Regla 15 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A.

El 28 de abril de 2009, luego de evaluar y denegar varios escritos presentados por la licenciada Gutiérrez Santiago, compareció ante nos la Procuradora General. Tras evaluar los escritos sometidos por la licenciada, la Procuradora recomendó iniciar contra la abogada un procedimiento de determinación de incapacidad de acuerdo con la Regla 15(c) de nuestro Reglamento, *supra*.

El 4 de junio de 2009 nombramos como Comisionado Especial al Hon. Wilfredo Alicea López. Éste notificó los incidentes procesales a la dirección que informó la licenciada Gutiérrez Santiago, pero ésta no compareció. Des-

pués de varios trámites, el Comisionado Especial hizo constar en la minuta de la conferencia con antelación a la vista que la licenciada Gutiérrez Santiago había hecho caso omiso a sus órdenes. La licenciada Gutiérrez Santiago no ha cooperado con el proceso dispuesto por la Regla 15, en cuanto a la evaluación de los siquiatras.

El 14 de abril de 2009, el Comisionado Especial rindió su informe. Allí detalló el proceso que se siguió para este asunto. Conforme lo dispone la Regla 15(c) de nuestro Reglamento, *supra*, el Comisionado requirió que la licenciada Gutiérrez Santiago y el Procurador General designaran su perito para el panel de médicos siquiatras. La Procuradora General cumplió con dicha orden pero la licenciada Gutiérrez Santiago no. Ante esto, el Comisionado Especial nombró su siquiatra y el de la licenciada Gutiérrez Santiago según provee la Regla 15(c), *supra*.

Tras la designación del panel evaluador, el Comisionado Especial ordenó a la licenciada Gutiérrez Santiago someterse a las evaluaciones siquiátricas. Como la licenciada Gutiérrez Santiago incumplió este mandato, el Comisionado Especial señaló vista para atender el asunto. De nuevo, la licenciada Gutiérrez Santiago no compareció.

En la vista, la Oficina del Procurador General solicitó que se actuara conforme a la Regla 15(e) del Reglamento del Tribunal Supremo, *supra*, según apercibido en las órdenes del Comisionado Especial. Esto es, solicitó que se aplicara la presunción de incapacidad mental establecida en la Regla 15(e) cuando el abogado se niega a someterse al examen médico. Ante esto, el Comisionado Especial rindió su informe en el que recomendó que acojamos la recomendación de la Procuradora General.

El 27 de abril de 2010, la licenciada Gutiérrez Santiago compareció ante nos y contestó el informe rendido por el Comisionado Especial. En síntesis, la licenciada Gutiérrez Santiago impugnó el *quantum* de prueba y la presunción de incapacidad mental establecida en la Regla 15(e), *supra*. La incoherencia del escrito de la licenciada Gutiérrez San-

tiago abona a la aplicación de la presunción de incapacidad mental.

## II

"En el ejercicio de nuestra función reguladora de la profesión de la abogacía, y de acuerdo con nuestro Reglamento, en ocasiones nos hemos encontrado ante la necesidad de suspender a algunos letrados por razón de su salud mental." *In re Costa del Moral*, 164 D.P.R. 943, 945 (2005). Este proceder es una actuación para proteger el buen funcionamiento de nuestro Sistema Judicial y de los mejores intereses de la clase togada. Íd. Es nuestro deber actuar así para salvaguardar el interés de la sociedad en que los abogados presten servicios legales competentes y diligentes. *In re Mundo Rodríguez*, 146 D.P.R. 639 (1998); *In re Pérez Santiago*, 144 D.P.R. 376 (1997).

La Regla 15 de nuestro Reglamento provee un procedimiento disciplinario especial para casos de incapacidad mental de un abogado. Este proceso incluye el nombramiento de un Comisionado Especial y de un panel de tres siquiatras. El procedimiento dispuesto por la Regla 15(c), *supra*, surge en respuesta a la preocupación que puede haber sobre la capacidad mental de un abogado en el contexto de otro procedimiento disciplinario o de la conducta desplegada por el letrado ante los tribunales. *In re Costa del Moral*, supra.

Específicamente, la Regla 15(e), *supra*, establece una presunción de incapacidad mental contra el abogado que se niegue a someterse a los trámites provistos por la regla. En específico, la Regla 15(e) dispone que

[s]i durante el procedimiento indicado en el inciso (c) [de esta regla] el(la) abogado (a) querellado (a) se negare a someterse al examen médico ante los siquiatras designados, ello se considerará como prueba *prima facie* de su incapacidad mental, por lo que podrá ser suspendido (a) preventivamente del ejercicio de la profesión.

Esta presunción es válida y necesaria para ejercer nuestra función reguladora de la profesión de la abogacía. Además, esta presunción es una salvaguarda para la sociedad y la administración de la justicia.

## III

Según dispone nuestro Reglamento, y en atención al bienestar social, procede separar preventivamente a la licenciada Gutiérrez Santiago del ejercicio de la abogacía hasta tanto ésta pueda acreditar conforme a la Regla 15(h), *supra*, que está capacitada para ejercerla nuevamente. *In re Berríos Pagán*, 167 D.P.R. 78 (2006). Esta separación no constituye un desaforo, sino una medida de protección social. *In re Mundo Rodríguez*, supra.

Por lo tanto, *se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Minerva Gutiérrez Santiago. Se le impone a la abogada el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión "per curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez no intervino.