per curiam:
En el presente caso nos corresponde aplicar *644 la presunción de incapacidad preceptuada en la Regla 15 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, que conlleva la separación preventiva inmediata de un abogado que no se somete al proceso de evaluación si-quiátrica ordenado por este Tribunal.
Por las razones que exponemos a continuación, ordena-mos la separación preventiva inmediata del Ledo. Genoll V. Hernández Rodríguez del ejercicio de la abogacía.
I
El licenciado Hernández Rodríguez fue admitido a la profesión legal el 6 de agosto de 2002.
A. Queja AB 2007-249
En agosto de 2007, el exagente de la Policía de Puerto Rico, Sr. Abiezer Pagán Flores, presentó una queja contra el abogado de epígrafe en la Secretaría de este Tribunal. Alegó que su abogado en aquel entonces, quien se vio obli-gado a renunciar a su representación legal a raíz de un grave accidente de tránsito, le refirió al licenciado Hernán-dez Rodríguez para que le representara en un proceso judicial ante el Tribunal de Apelaciones. El señor Pagán Flores adujo que se había reunido con el licenciado Hernández Rodríguez para entregarle todos los documentos que poseía sobre su pleito. Añadió que el licenciado Hernández Rodrí-guez le comunicó que había presentado una apelación ante el foro apelativo intermedio. Tras múltiples gestiones para volver a comunicarse con el licenciado Hernández Rodrí-guez, el quejoso acudió ante el Tribunal de Apelaciones donde le confirmaron que no existía ninguna apelación presentada a nombre de él, ni ningún recurso presentado por el licenciado Hernández Rodríguez. Así las cosas, el quejoso continuó comunicándose sin éxito a la oficina del licenciado Hernández Rodríguez.
Dicha queja se le comunicó al abogado de epígrafe el 26 *645 de septiembre de 2007, mediante correo certificado, y se le concedió un término para que respondiera a lo alegado en su contra. El correo devolvió la comunicación marcada “unclaimed”. Nuestra Secretaría volvió a notificarle la queja el 7 de noviembre de 2007. El abogado no compareció ante nos. Por razones que exponemos más adelante, el 23 de septiembre de 2008, el proceso disciplinario bajo esta queja se paralizó.
B. Queja AB 2008-95
El 16 de abril de 2008, el Sr. Rubén Velázquez Crispin presentó una queja en la Secretaría de este Tribunal contra el licenciado Hernández Rodríguez. Alegó que este lo citó al estacionamiento del Banco Popular de Montehiedra para que le entregara tres expedientes que tenía sobre un caso ante la Administración de Corrección, para el cual lo había contratado. Luego del referido intercambio de los ex-pedientes, según alegó, nunca volvió a saber del abogado. Esta queja se le notificó al licenciado Hernández Rodríguez mediante correo certificado el 2 de junio de 2008. Tras no recibir respuesta, nuestra Secretaría le concedió un tér-mino adicional el 15 de septiembre de 2008. El 19 de sep-tiembre de 2008 compareció ante nos en representación del licenciado Hernández Rodríguez, la Leda. Mady Pachecho García de la Noceda, procuradora del abogado del Colegio de Abogados de Puerto Rico (Procuradora del Abogado). Nos informó que al señor Velázquez Crispin se le habían devuelto sus expedientes. Esta queja también quedó para-lizada el 23 de septiembre de 2008.
C. Queja AB 2007-374
La Sra. Marcelina Escalera Pereira presentó una queja ante nos contra el licenciado Hernández Rodríguez. Alegó que lo había contratado para que la representara en un proceso ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos tras ser despedida por su patrono. Según expuso en su queja, el abogado de epígrafe *646 la representó en varias ocasiones ante el Departamento del Trabajo y realizó varias gestiones a su favor. No obstante, fueron citados en cierta fecha para una vista a la 1:00 p.m. y el licenciado Hernández Rodríguez llegó a las 4:00 p.m. por lo que, como consecuencia, se tuvo que cancelar un proceso de mediación. En otras dos ocasiones posteriores, según la quejosa, el abogado no compareció. Ello causó que la Unidad Antidiscrimen archivara el caso y la señora Es-calera Pereira no se pudo comunicar con Hernández Rodrí-guez para que le devolviera su expediente y los documen-tos relacionados necesarios para obtener una nueva representación.
Esta queja se le notificó al abogado mediante correo cer-tificado el 21 de diciembre de 2007. El 16 de enero de 2008 recibimos una carta de los padres del licenciado Hernández Rodríguez. En su exposición, solicitaron un término adicio-nal a nombre de su hijo porque este se encontraba fuera de Puerto Rico. En respuesta, la Secretaría de este Tribunal le concedió un término adicional de treinta días. Así las co-sas, el 4 de abril de 2008, compareció ante nos la Procura-dora del Abogado. En su comparecencia nos informó que los padres del abogado Hernández Rodríguez le habían so-licitado su ayuda. Los padres, con quienes el licenciado re-sidía desde hacía un tiempo, le informaron que este había salido de Puerto Rico, a raíz de una condición mental que le aquejaba, sin notificarles su paradero y sin darles previo aviso. La Procuradora del Abogado añadió que los padres estaban muy preocupados por el estado de salud mental de su hijo. En aras de proteger a terceros que pudieran verse afectados, solicitó que le informáramos todos los casos que tenía pendientes el licenciado Hernández Rodríguez para esta, junto a sus padres, devolver los documentos y expe-dientes que Hernández Rodríguez tenía en su poder. Por último, nos solicitó que tomáramos conocimiento de que el licenciado Hernández Rodríguez no gozaba de buena salud mental. Esto último se nos informó, además, mediante una *647 declaración jurada que prestaron los padres del abogado que se incluyó como anejo a la comparecencia de la Procu-radora del Abogado.
Mediante su declaración jurada, los padres expusieron que su hijo sufría una profunda depresión que le impedía trabajar desde hacía cerca de un año, que estuvo bajo tra-tamiento con un sicólogo, que había salido de Puerto Rico sin notificarles y que luego supieron que se encontraba en el estado de Florida.
Así las cosas, el 30 de mayo de 2008 emitimos una Re-solución en la que autorizamos que la Procuradora del Abo-gado obtuviera del Centro de Información de la Adminis-tración de los Tribunales un listado de los casos activos del licenciado y las direcciones de sus clientes para que gestio-nara la devolución de los expedientes. Además, nombramos a la Procuradora del Abogado como abogada de oficio del licenciado Hernández Rodríguez, con la intención de prote-ger sus derechos ante el proceso disciplinario, dada su po-sible condición médica.
El 27 de junio de 2008, de acuerdo con dicha Resolución, se designó al Hon. Héctor Urgell Cuevas como Comisio-nado Especial para recibir prueba sobre la capacidad mental o emocional del licenciado Hernández Rodríguez, con instrucciones de comenzar el proceso según la Regla 15 del Reglamento del Tribunal Supremo, supra. El 16 de jimio del mismo año, el Comisionado Especial emitió una Reso-lución en la que citó a la Procuradora del Abogado y a la Procuradora General de Puerto Rico a una vista de estatus. Luego de celebrarla, la Procuradora del Abogado informó al Comisionado Especial la dirección en la que se encontraba el licenciado Hernández Rodríguez en el estado de Florida.
Al licenciado Hernández Rodríguez se le ordenó, en la misma fecha, informar al Comisionado Especial las fechas que tuviera disponibles para acudir a una evaluación si-quiátrica, conforme a la Regla 15(c) del Reglamento del *648 Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A. Así las cosas, el 11 de septiembre de 2008 compareció la Procuradora del Abogado ante el Comisionado Especial y le informó que el licenciado Hernández Rodríguez había regresado a Puerto Rico con la intención de enfrentar el proceso disciplinario de autos, por lo que solicitó que se procediera a concertar las evaluaciones correspondientes.
Como consecuencia de ello, el Comisionado Especial le ordenó a la Procuradora del Abogado y a la Procuradora General que nombraran sus respectivos peritos médicos. Asimismo, apercibió al licenciado Hernández Rodríguez que, de acuerdo con la Regla 15(e) del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A, no someterse al examen médico ante los siquiatras designados, se consideraría prueba prima facie de su incapacidad mental, lo que con-llevaría las medidas que este Tribunal determine. Cons-cientes del proceso iniciado de acuerdo con la Regla 15 del Tribunal Supremo, supra, el 23 de septiembre de 2008 or-denamos mediante Resolución la paralización de las otras dos quejas detalladas anteriormente, AB 2007-249 y AB 2008-95.
Así las cosas, las partes designaron a sus médicos. El Comisionado Especial hizo lo propio y nombró mediante Resolución de 10 de noviembre de 2008 el panel de tres médicos que evaluarían al licenciado de epígrafe, de acuerdo con las citas que los médicos le notificaran. El li-cenciado Hernández Rodríguez asistió a las citas que ofre-ció la Dra. Myrna Zegarra Paz, siquiatra nombrada por el Comisionado Especial. En abril de 2009, esta sometió un extenso informe en el que detallaba la condición mental del abogado. Explicó que este padecía de una profunda depre-sión causada por problemas económicos, que comenzaron tras haber sido despedido de su empleo en el 2005, a causa de una reducción de presupuesto en el Departamento de Recursos Naturales y Ambientales, donde trabajó desde que se unió a la profesión. *649 El 14 de agosto de 2009, el Comisionado Especial emitió una orden en la que expuso que el licenciado Hernández Rodríguez no había asistido a las citas provistas por los otros dos médicos. Como consecuencia, el Comisionado Especial le concedió un término de cinco días para que mos-trara causa por la cual no debía recomendarnos que apli-cáramos la presunción dispuesta en la Regla 15(e) del Reglamento del Tribunal Supremo, supra. El licenciado Hernández Rodríguez no compareció.
Así las cosas, la Procuradora General acudió ante nos, el 18 de agosto de 2009, y expuso que al abogado se le citó en tres ocasiones a la oficina del médico que designó su Oficina. En ninguna de esas tres ocasiones acudió a la evaluación. El 26 de agosto de 2009, el licenciado Hernán-dez Rodríguez compareció ante el Comisionado Especial y expuso que había asumido su propia representación legal y que se había sometido a la evaluación de la doctora Zega-rra Paz y, también, del médico designado por la Procura-dora del Abogado. Alegó que por razones “ajenas a su vo-luntad” no había podido asistir a la evaluación del médico designado por la Procuradora General. Añadió que estaba en total disposición de someterse a cualquier evaluación adicional que le requiriera el Comisionado. Además, in-formó que se había comunicado con la Oficina de la Procu-radora General para intentar agilizar el proceso de concer-tar otra cita.
El 28 de agosto de 2009, compareció nuevamente la Pro-curadora del Abogado ante el Comisionado Especial e in-formó que se había reunido con el abogado de epígrafe y solicitaba que se le relevara de su función de abogada de oficio —nombrada mediante nuestra Resolución de 30 de mayo de 2008 — . Alegó que habían surgido diferencias irre-conciliables con su representado, por lo que solicitaba que le concediéramos un término al licenciado Hernández Ro-dríguez para conseguir una nueva representación legal.
El 25 de septiembre de 2009, compareció la Procuradora *650 General ante el Comisionado Especial y expuso que, tras habernos notificado que el licenciado Hernández Rodríguez incumplió con las primeras tres citas gestionadas por su oficina, le notificaron una cuarta cita para el 17 de sep-tiembre de 2009. Nuevamente, no asistió. Entonces, la Pro-curadora General solicitó que se le relevara de continuar haciendo esfuerzos para concertar citas médicas, por en-tender que era un ejercicio inútil. Tres días más tarde, re-cibimos una moción informativa del licenciado Hernández Rodríguez en la que nos informó que, con el propósito de cumplir con los requerimientos de este Tribunal y del Co-misionado Especial, solicitaba que se le notificaran por es-crito las citaciones del médico designado por la Procura-dora General con el detalle correspondiente de lugar, fecha y hora.
Como resultado de ese renovado interés del licenciado Hernández Rodríguez, la Procuradora General compareció nuevamente, el 13 de octubre de 2009, y alegó que había recibido la comunicación del abogado donde se reafirmaba en su deseo de cumplir con el proceso. Así las cosas, le notificaron por escrito, en la misma moción, una quinta cita para que compareciera ante el médico designado por dicha Oficina —el 20 de octubre de 2009 a las 2:00 p.m.— e incluyeron la dirección física de la oficina donde debía acudir. En dicha moción, la Procuradora General señaló que ello constituía un esfuerzo por parte de su Oficina para lograr evaluar al licenciado.
Lamentablemente, el 23 de marzo de 2010 recibimos una moción informativa de la Procuradora General donde nos informó que el licenciado Hernández Rodríguez tam-poco acudió a la quinta cita. La Procuradora General se reafirmó en la petición anterior de que la releváramos de intentar que el abogado acudiera a la evaluación. Además, solicitó que se aplicara la presunción que establece la Re-gla 15(e) del Reglamento del Tribunal, supra.
El 20 de abril de 2010, el Comisionado Especial emitió *651 una resolución en la que nos recomendó la aplicación de dicha presunción. El 4 de mayo de 2010 compareció ante nos el licenciado Hernández Rodríguez e informó que sí había acudido a una cita con el médico designado por la Procuradora General y que se encontraba sometido a un proceso evaluativo. Además, solicitó un término adicional para completar los requerimientos del médico.
El 4 de jimio de 2010 emitimos una Resolución que se le notificó a la dirección que utilizó el licenciado Hernández Rodríguez en sus comparecencias a través de este proceso. All le ordenamos que, en un término de veinte días, se expresara sobre la solicitud de la Procuradora General y la recomendación del Comisionado Especial sobre suspen-derlo preventivamente. Todavía hoy no hemos recibido su respuesta.
II
En el ejercicio de nuestro poder inherente para regla-mentar la profesión de la abogacía, hemos tomado medidas reglamentarias para garantizarle al público que los miem-bros admitidos en la profesión están mentalmente aptos para ejercerla. In re Gutiérrez Santiago, 179 D.P.R. 739 (2010). Este proceder es parte de nuestro interés para ga-rantizar el buen funcionamiento del Sistema Judicial y los mejores intereses de los funcionarios y abogados que en ella trabajan y postulan. Id. Además, es parte de nuestro interés que los abogados puedan realizar sus labores pro-fesionales competente y diligentemente. Canon 18 del Có-digo de Ética Profesional, 4 L.P.R.A. Ap. IX.
Con ese propósito, la Regla 15 de nuestro Reglamento, supra, provee un procedimiento disciplinario especial para casos de incapacidad mental de un abogado o situaciones en las cuales se sospecha que un abogado sufre de una condición mental o emocional que le impide repre- *652 sentar efectivamente a sus clientes. La referida regla con-tiene un proceso donde se designan un Comisionado Especial y un panel de tres siquiatras.
En específico, la Regla 15(e) de nuestro Reglamento dis-pone que
[s]i durante el procedimiento indicado en el inciso (c) [de esta regla] el(la) abogado(a) querellado(a) se negare a some-terse al examen médico ante los siquiatras designados, ello se considerará como prueba prima facie de su incapacidad mental, por lo que podrá ser suspendido(a) preventivamente del ejercicio de la profesión. 4 L.P.R.A. Ap. XXI-A.
Es menester añadir que la suspensión preventiva de un abogado incapacitado no es un desaforo, sino una medida de protección social. In re Costa del Moral, 164 D.P.R. 943, 945 (2005).
III
Somos sensibles ante la condición de salud que padece el abogado de epígrafe. Asimismo, tanto el Comisionado Especial como nosotros fuimos comprensivos y flexibles en la aplicación de los términos que se le concedieron para cumplir con los distintos requerimientos durante el pro-ceso disciplinario en su contra. No obstante, el compromiso que deben asumir los abogados debe trascender su situa-ción personal y existen medios para renunciar a la repre-sentación legal de clientes cuando el abogado no puede des-empeñarse como se espera. Lo que no es aceptable es que se ignoren los requerimientos de los procesos discipli-narios.
Al licenciado Hernández Rodríguez se le ofrecieron va-rias oportunidades para acudir a las citas de evaluación médica. La Procuradora General realizó múltiples gestio-nes —que no fueron contradichas por Hernández Rodrí-guez— para lograr concertar una cita. Asimismo, sus padres acudieron ante nos para responder las notificaciones *653 que se le enviaron tras éste haber dejado la jurisdicción sin informar al Tribunal su nueva dirección. Fueron múltiples los requerimientos incumplidos a través de este extenso proceso, incluso, por último, nuestra Resolución de 4 de junio de 2010. A diez meses de esa Resolución, sin contar con su comparecencia, nos vemos forzados a aplicar la pre-sunción de incapacidad mental y de separar preventiva-mente al licenciado Hernández Rodríguez del ejercicio de la profesión al amparo de la Regla 15(e) del Reglamento del Tribunal Supremo, supra.
Como señalamos anteriormente, esta suspensión no constituye un desaforo, sino una medida de protección social. En el futuro, el licenciado Hernández Rodríguez po-drá acreditar, conforme a la Regla 15(h) del Reglamento del Tribunal Supremo, 4 L.RR.A. Ap. IX, que se ha rehabi-litado y está capacitado para ejercer la profesión nuevamente.
Por lo tanto, se suspende inmediata e indefinidamente al licenciado Gennoll V. Hernández Rodríguez del ejercicio de la abogacía. Se le impone al abogado el deber de notificar a todos sus clientes de su inhabilidad para continuar repre-sentándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Ade-más, tiene la obligación de certificar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta días a partir de la notificación de esta opinión.

Se dictará sentencia de conformidad.