EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Iván L. Pagán Hernández | 2021 TSPR 97  207 DPR _____ |
|---|---|

Número del Caso:  TS-3,384

Fecha:  30 de junio de 2021

Abogado del Sr. Iván L. Pagán Hernández

      Por derecho propio

Oficina del Procurador General:

      Lcda. Lorena Cortés Rivera
      Subprocuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar

Comisionada Especial:

      Hon. Crisanta González Seda

Materia:  La suspensión será efectiva el 7 de julio de 2021, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Iván L. Pagán Hernández          TS-3,384

*PER CURIAM*

En San Juan, Puerto Rico, a 30 de junio de 2021.

Nos corresponde ejercer nuestra facultad inherente para reglamentar la práctica de la abogacía para suspender indefinidamente de su ejercicio a un miembro de la profesión como medida de protección social. Ello en observancia del proceso establecido en la Regla 15 del Reglamento del Tribunal Supremo, infra, por no encontrarse en condiciones aptas para ejercer cabal y adecuadamente las funciones propias de la profesión.

Veamos el escenario fáctico que dio origen a nuestro dictamen.

I

El Lcdo. Iván L. Pagán Hernández fue admitido al

ejercicio de la abogacía el 9 de enero de 1970 y prestó juramento como notario el 2 de febrero de 1970.

El 25 de junio de 2013 la Oficina de Inspección de Notarias (ODIN) citó al licenciado Pagán Hernández como parte del proceso rutinario de inspección de su obra notarial. Tras un proceso de inspección extenso, y agotados los remedios que provee la Regla 77 del Reglamento Notarial de Puerto Rico, el 23 de enero de 2018 el Director de la ODIN le remitió al licenciado Pagán Hernández un *Informe sobre deficiencias en la notaría del Lcdo. Iván Pagán Hernández, notario número 3384*. Allí notificaron las deficiencias que impedían la aprobación de su obra protocolar y lo imperioso de que fueran subsanadas. Acto seguido, se le concedió un término de quince días para que expusiera las razones por las cuales había incumplido con los requerimientos que le hizo la ODIN durante el proceso de inspección de su obra protocolar. El término transcurrió sin que este compareciera.

Luego de varios trámites, concesiones de prórroga e incumplimientos posteriores, el 13 de abril de 2018 el Director de la ODIN nos presentó un *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios* (Informe Especial). Allí indicó que el licenciado Pagán Hernández había demostrado un patrón de incumplimientos con la ODIN, además de un historial disciplinario abultado que habían motivado la suspensión al ejercicio de la abogacía y notaría anteriormente. Coligió que el letrado incurrió en ciertas actuaciones en su rol como

notario que debían ser evaluadas, censuradas y sancionadas por este Tribunal. Se nos solicitó que ordenáramos la incautación preventiva de su obra protocolar y de su sello notarial. Adicionalmente, solicitó que le concediéramos un término para subsanar las deficiencias que impedían la aprobación de su obra protocolar.

El 2 de mayo de 2018 emitimos una Resolución en la que ordenamos la incautación preventiva de la obra protocolar del licenciado Pagán Hernández. Asimismo, el 21 de septiembre de 2018 emitimos una Resolución en la que incautamos preventivamente el sello notarial del letrado.

Luego de varios trámites que no son necesarios pormenorizar, el 22 de junio de 2019 el Director de la ODIN presentó una *Moción informativa sobre estado de la obra protocolar incautada (actualizado) y en solicitud de remedios*. En esta, el Director de la ODIN nos informó que, a esa fecha, la obra protocolar del licenciado Pagán Hernández permanecía en el mismo estado que aquel notificado en el Informe Especial que sometió el 13 de abril de 2018. Tras recibir la contestación del letrado, emitimos una Resolución en la que le ordenamos al licenciado Pagán Hernández comparecer ante la ODIN en un término final e improrrogable de sesenta (60) días para subsanar las deficiencias que se le señalaron a su obra protocolar. Allí apercibimos al letrado que su incumplimiento con el mandato podría acarrear la suspensión al ejercicio de la abogacía y notaría.

Transcurrido el término antes provisto, el 8 de octubre

de 2019 el Director de la ODIN compareció mediante una *Moción notificando incumplimiento de orden; informando estado de la obra protocolar incautada (final) y en solicitud de remedios*. En síntesis, adujo que el licenciado Pagán Hernández subsanó algunas de las deficiencias que se le señalaron, pero que restaban deficiencias señaladas anteriormente que impedían la aprobación de los protocolos formados para los años naturales 2011, 2013, 2015, 2016, así como su Libro de Registro de Testimonios. Destacó que el letrado se negaba a encaminar el proceso de ratificación de varios instrumentos públicos en los cuales comparecieron parientes dentro de los grados prohibidos, pues entendía que estos eran válidos. Concluyó que, en consideración al trámite extenso atribuible al letrado y los incumplimientos reiterados, el licenciado Pagán Hernández demostró una actitud contumaz y temeraria en el desenvolvimiento de su función notarial. Ante ello, solicitó que se decretara la suspensión inmediata e indefinida al ejercicio de la notaría y que evaluara si procedía la suspensión al ejercicio de la abogacía.

Ahora bien, el 20 de febrero de 2020 el licenciado Pagán Hernández presentó un escrito incoherente y en extremo confuso que intituló *Moci[ó]n se incluya en mi expedient[e] auto recomendaci[ó]n*.[1] A base de lo anterior, el 28 de febrero

---

[1] Para proteger la dignidad del licenciado Pagán Hernández, conscientes de que nuestras Opiniones *per curiam* son publicadas para beneficio de la comunidad, omitiremos incluir una reproducción textual del escrito que presentó. No obstante, según concluyó también la Comisionada Especial asignada a este caso, atestamos que de su moción —en conjunto con otros escritos que presentó — podía desprenderse contenido que nos provocó dudas serias sobre el estado mental del licenciado Pagán Hernández.

de 2020 emitimos una Resolución en la que ordenamos la designación de un Comisionado Especial para que iniciara el procedimiento dispuesto en la Regla 15(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. Ello con el fin de auscultar la capacidad mental del licenciado Pagán Hernández para continuar ejerciendo la abogacía y la notaría.[2]

El 10 de marzo de 2020 designamos a la Hon. Crisanta González Seda (Comisionada Especial), exjueza del Tribunal de Primera Instancia, como Comisionada Especial, con el fin de que recibiera prueba sobre la capacidad mental del licenciado Pagán Hernández y rindiera su informe en conformidad con la Regla 15(c) del Reglamento del Tribunal Supremo, _supra_. Asimismo, concedimos un término para que se asignara el panel de tres médicos psiquiatras que evaluarían al letrado, según dispone la Regla antes citada. En cumplimiento con nuestras órdenes, el 12 de marzo de 2020 la Comisionada Especial emitió una Orden dirigida tanto al licenciado Pagán Hernández como a la Oficina del Procurador General para que designaran sus médicos psiquiatras de preferencia.[3]

---

[2] El 4 de marzo de 2020 el licenciado Pagán Hernández presentó un escrito intitulado "MOCI[Ó]N REACCIONANDO A ORDEN". En un escrito confuso, el letrado cuestionó, entre otras interrogantes, la jurisdicción de la Inspectora de Protocolos para declarar nula cierta escritura "purificada, que no se puede impugnar". Culminó recalcando que "por falta de jurisdicción como hemos dicho, esta queja es la raíz cuadrada de menos uno: una imaginaria". En su escrito, el licenciado Pagán Hernández no hizo alusión alguna a la Resolución que emitimos ordenando el inicio del procedimiento al amparo de la Regla 15(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

[3] En la Orden se solicitó, además, que las partes informaran las fechas en que los peritos evaluarían al licenciado Pagán Hernández, así como la fecha en que los peritos rendirían sus informes. Se indicó que, una vez recibida la información, se señalaría una conferencia con el propósito de simplificar las cuestiones litigiosas, considerar cualesquiera asuntos

Seguido el trámite de rigor, la Oficina del Procurador General nombró al Dr. Raúl E. López.[4] Luego de varias concesiones de prórrogas sin que el licenciado Pagán Hernández designara su perito, el 28 de julio de 2020 la Comisionada Especial emitió una *Orden* en la que le concedió al licenciado Pagán Hernández hasta el 3 de agosto de 2020 para que notificara el nombre y presentara el *curriculum vitae* del psiquiatra de su preferencia, así como para que sometiera las fechas de evaluación y este último rindiera su informe. Allí se apercibió que, de no realizar lo anterior en el término provisto, la Comisionada Especial designaría a un psiquiatra por su cuenta, según lo permite el Reglamento de este Tribunal.

El 31 de julio de 2020 el letrado compareció ante la Comisionada Especial e indicó que el 28 de julio de 2020 acudió a la oficina del psiquiatra Dr. Rolando Irizarry Báez y que este sometería posteriormente su evaluación. Hasta ese momento, el licenciado no había anunciado si este era el

_____

relacionados con la evaluación de los peritos y el informe a rendir por estos, la admisión de prueba documental y testifical, fecha para la celebración de vista final, de ser necesaria, y cualquier otra medida que pudiera facilitar la más pronta tramitación del procedimiento. El mismo día en que se emitió la Orden, la ex Gobernadora Wanda Vázquez Garced decretó un estado de emergencia debido a la propagación del COVID-19, y ordenó el cierre total de las operaciones del Gobierno a partir del 16 de marzo de 2020.

[4] El 2 de abril de 2020 el licenciado Pagán Hernández sometió una *Moción informativa* en la que informó que coordinó su evaluación con el Dr. Raúl E. López para el 8 de abril de 2020. Allí reiteró que no incurrió en violación ética alguna. Luego, el 21 de abril de 2020, el letrado presentó una *Moción informando posición* en la que adujo que someter a un abogado a un psiquiatra por razón de edad constituía un discrimen de rango constitucional. Adujo que se le discriminaba tres veces por razón de que se evaluaría por tres psiquiatras. Posteriormente, el licenciado Pagán Hernández sometió otro escrito en el que informó haber sido evaluado por el Dr. Rául E. López. En este reiteró la falta de violaciones éticas de su parte y expuso: "[q]ue la prueba clásica es el testamento ológrafo: 3.1-exparte[;] 3.2-sin firma notarial[;] 3.3-Vale como una escritura".

psiquiatra de su elección para conformar el panel, así como tampoco sometió la información y documentos con relación a este que la Comisionada Especial le requirió.

Así las cosas, el 6 de agosto de 2020 el licenciado Pagán Hernández presentó una *Moción cuestionando jurisdicción* en la que señaló que el Tribunal Supremo no tenía jurisdicción original sobre el proceso que se llevaba sobre este. Se recibió, además, un informe preparado por el doctor Irizarry Báez. No obstante, dado que el licenciado Pagán Hernández no había sometido la documentación de rigor que se le exigió sobre el doctor Irizarry Báez, la Comisionada Especial se comunicó con este último a través de la Secretaría del Tribunal. Allí el doctor Irizarry Báez indicó que no trabajaba casos médicos legales, que no estaba disponible para comparecer ante el tribunal y que le informó lo anterior al licenciado Pagán Hernández cuando acudió a su oficina.

En consideración a lo anterior, transcurrido el término sin que el licenciado Pagán Hernández presentara un nuevo médico psiquiatra, la Comisionada Especial nombró a la Dra. Concepción Maldonado para que, en representación del abogado, evaluara al letrado y rindiera el informe correspondiente. Asimismo, la Comisionada Especial designó al Dr. José Franceschini como tercer médico psiquiatra para que realizara la labor de rigor. En sus órdenes, la Comisionada Especial orientó y apercibió al licenciado Pagán Hernández sobre lo dispuesto por la Regla 15(e) del Reglamento de este Tribunal a los efectos de que, si se negare a someterse a un examen

médico por los peritos designados o por alguno de ellos, tal negativa se consideraría como evidencia *prima facie* de su incapacidad mental, con las consecuencias que determinara este Tribunal.

Tanto el doctor López como la doctora Maldonado evaluaron al licenciado Pagán Hernández. Recibidos los informes de estos, el 29 de octubre de 2020 la Comisionada Especial ordenó al licenciado Pagán Hernández, así como a la Oficina del Procurador General, que informaran sobre cualquier evidencia adicional, documental o testifical, que entendieran debía considerar. Lo anterior para determinar la necesidad de una vista para presentar la prueba.

De otra parte, el 2 de noviembre de 2020 se citó al licenciado Pagán Hernández a una entrevista para evaluación mediante el sistema de telemedicina con el doctor Franceschini. Allí se le orientó al letrado que debía llamar a la oficina del doctor Franceschini para coordinar los pormenores de la cita. No obstante, el 10 de noviembre de 2020, el licenciado Pagán Hernández presentó una *Moción informativa* en la que expresó: "A la orden emitida, informamos que nos encontramos en inmejorable estado de salud, física y mental, gracias al padre". El 13 de noviembre de 2020, el doctor Franceschini presentó una Certificación en la cual informó que el letrado no asistió a su cita virtual y que tampoco se había comunicado con su oficina.

El licenciado Pagán Hernández no anunció que presentaría evidencia documental o testifical alguna, así como tampoco

objetó los informes que presentaron los médicos psiquiatras que conformaron el panel, pese a haberse emitido una orden solicitándole lo anterior.[5]

Trabado así el asunto, la Comisionada Especial rindió su informe el 1 de marzo de 2021. Para ello, además de contar con la prueba que constaba en el expediente, tuvo el beneficio de evaluar los informes sometidos por el doctor López y la doctora Maldonado, mas no así con el informe del doctor Franceschini, puesto que el licenciado Pagán Hernández se negó a ser evaluado por este.[6] De los informes sometidos por los dos doctores del panel que evaluaron al licenciado Pagán Hernández, se desprende que ambos coinciden en que, aunque no hay evidencia de que el letrado sufra de alguna enfermedad mental, el letrado presenta un conjunto de síntomas y disturbios emocionales que incluyen impacto sustancial a su memoria, juicio e introvisión, consistentes con un deterioro cognitivo sustancial. Ante ello, el doctor López emitió una recomendación categórica en la cual indicó que el letrado no tenía la capacidad para continuar ejerciendo la profesión.

---

[5] Por su parte, la Oficina del Procurador General indicó que solo interesaba someter como evidencia ante la consideración de la Comisionada Especial la *Moci[ó]n se incluya en mi expedient[e] auto recomendaci[ó]n* que presentó el licenciado Pagán Hernández, en conjunto con los anejos que adjuntó, así como la *MOCI[Ó]N REACCIONANDO A ORDEN* que este presentó el 4 de marzo de 2020.

[6] La Comisionada Especial menciona en su informe que en el expediente consta el informe que sometió el doctor Irizarry Báez. No obstante, advierte que las cualificaciones del doctor no fueron acreditadas y que este no formó parte del panel de médicos psiquiatras designado para atender el caso. En ese informe, el doctor Irizarry Báez se limita a exponer que el licenciado Pagán Hernández no tiene historial clínico de salud mental; que disfrutaba de un excelente estado mental; que su conducta hacia los demás no es mala ni ilícita; que puede manejar sus bienes, y que puede ejercer la práctica de la abogacía en Puerto Rico. Culminó su informe exponiendo: "Prognosis: Excelente".

Por su parte, la doctora Maldonado recomendaría una evaluación neurológica, aunque nada dispuso sobre su capacidad para continuar ejerciendo sus funciones como abogado o notario.

En su informe, la Comisionada Especial concluyó que, de toda la evidencia que consta en el expediente, quedó demostrado el deterioro emocional y cognitivo progresivo del letrado. A su vez razonó que este se manifiesta en sus múltiples incumplimientos con los tribunales, su incapacidad para cumplir con sus obligaciones como notario, en su actitud de negación para reconocer sus errores y violaciones a los Cánones de Ética Profesional, así como en su incapacidad para entender el proceso en el que estuvo envuelto y recordar datos importantes y relevantes para ejercer su labor. Basado en lo anterior, la Comisionada Especial concluyó que el licenciado Pagán Hernández no está en condiciones de asumir su responsabilidad como abogado y notario, por lo que recomendó que se le separe indefinidamente del ejercicio de la profesión legal, no como un desaforo, sino como una medida de protección social.

El 10 de marzo de 2021 el licenciado Pagán Hernández compareció ante nosotros y presentó su contestación al *Informe de la Comisionada Especial*. En un escrito confuso, el licenciado Pagán Hernández hizo referencia a su estado mental, y adujo que nunca le habían hecho una operación en su cerebro, salvo una intervención sobre su persona a sus cinco años. Expresó, además, que tenía la mente, vista, habla

y oídos en buena condición. La incoherencia de su escrito es consistente con la apreciación sobre la incapacidad del letrado para ejercer la profesión que nos presentó la Comisionada Especial en su informe.

II

La Regla 15 del Reglamento del Tribunal Supremo, supra, cumple con el propósito de establecer el procedimiento para separar indefinidamente a un abogado o una abogada del ejercicio de la abogacía cuando no pueda desempeñarse de manera competente y adecuada por razón de una condición mental o emocional. In re Chiqués Velázquez, 201 DPR 969, 971 (2019). En esos casos, este Tribunal designará a un Comisionado o una Comisionada Especial que se encargará de recibir, investigar y evaluar prueba sobre la incapacidad mental del abogado, así como de dirimir la credibilidad de cualquier prueba testifical que se presente. In re Morales Soto, 134 DPR 1012 (1994).

Así, en su inciso (c), la Regla 15 del Reglamento del Tribunal Supremo, supra, establece un procedimiento especial para aquellos casos en los que, durante el trámite de un procedimiento disciplinario, surjan dudas sobre la capacidad mental del abogado o abogada en cuestión. In re Chiqués Velázquez, supra, pág. 972. Para ello, se designan tres (3) personas peritas psiquiatras para que examinen al abogado o la abogada y rindan sus respectivos informes con sus conclusiones. Estas personas peritas son designadas sucesivamente por el Comisionado o Comisionada Especial, por

el Procurador o la Procuradora General y por el querellado o querellada. Íd.; In re Gutiérrez Santiago, 179 DPR 739, 743 (2010). La Regla de referencia faculta al Comisionado o Comisionada Especial a realizar la designación del médico psiquiatra correspondiente en aquellos casos en los que el Procurador o la Procuradora General, o la parte querellada, no realicen su designación en el término que provee la Regla. Regla 15(c) del Reglamento del Tribunal Supremo, supra.

Por otra parte, el inciso (e) de la Regla 15 del Reglamento del Tribunal Supremo, supra, establece una presunción de incapacidad mental contra el abogado o abogada que se niegue a someterse a los trámites provistos en la Regla. In re Gutiérrez Santiago, supra, pág. 743. En particular, la Regla 15(e) dispone:

> Si durante el procedimiento indicado en el inciso (c) de esta regla el abogado querellado o la abogada querellada se niega a someterse al examen médico ante los siquiatras designados o las siquiatras designadas, ello se considerará como prueba *prima facie* de su incapacidad mental, por lo que podrá ser suspendido o suspendida preventivamente del ejercicio de la profesión.

Conforme con lo anterior, a tenor de nuestro poder inherente para regular la profesión de la abogacía y la notaría en Puerto Rico, hemos expresado que "[c]uando la condición mental, física, emocional de un abogado no le permite ejercer cabal y adecuadamente todas las funciones y los deberes propios de la práctica de la abogacía, es menester suspender indefinidamente del ejercicio de la profesión legal al letrado mientras subsista su incapacidad". In re Valentín

Maldonado, 178 DPR 906, 911 (2010) (citando a In re Manzano Velázquez, 177 DPR 581 (2009)). Valga recalcar que esta suspensión indefinida no representa una sanción disciplinaria, sino constituye únicamente una medida de protección social. In re Chiqués Velázquez, supra, pág. 972; In re López Morales, 184 DPR 334 (2012); In re Valentín Maldonado, supra, pág. 911.

III

Luego de evaluar el Informe que presentó la Comisionada Especial, así como los informes que presentaron los médicos psiquiatras que conforman el panel, en conjunto con la evidencia que consta en el expediente del caso, y su negativa de acudir a ser evaluado por el tercer perito psiquiatra designado al panel, coincidimos con la Comisionada Especial en que el licenciado Pagán Hernández no está en condiciones de asumir competente y adecuadamente su responsabilidad como abogado y notario. En consecuencia, acorde con la Regla 15(g) del Reglamento del Tribunal Supremo, supra, corresponde que separemos al licenciado Pagán Hernández inmediata e indefinidamente del ejercicio de la profesión hasta tanto queden superadas y acreditadas las condiciones que impiden que este ejerza la profesión cabalmente.

IV

Por los fundamentos expuestos, se acoge la recomendación que emitió la Comisionada Especial, y se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Iván L. Pagán Hernández. Ello hasta que este pueda

acreditar que se encuentra capacitado para ejercer la profesión nuevamente. Esta suspensión no constituye un desaforo, sino una medida de protección social.

Se le impone al licenciado Pagán Hernández el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá informar oportunamente su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior en un término que no excederá de treinta (30) días, contados a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Asimismo, se ordena a la Secretaría de este Tribunal el archivo administrativo de la querella CP-2016-16.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Iván L. Pagán Hernández          TS-3,384

SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2021.

Por los fundamentos expuestos en la Opinión *per curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Iván L. Pagán Hernández. Ello hasta que este pueda acreditar que se encuentra capacitado para ejercer la profesión nuevamente. Esta suspensión no constituye un desaforo, sino una medida de protección social.

Se le impone al licenciado Pagán Hernández el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. El licenciado Pagán Hernández deberá informar oportunamente su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior en un término que no excederá de treinta (30) días, contados a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Se le ordena a la Secretaría de este Tribunal el archivo administrativo de la querella CP-2016-16.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo