EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                        | 2022 TSPR 88 |
|                               |              |
| Josey A. Rodríguez Torres     | 209 DPR      |

Número del Caso:  TS-15,055


Fecha:  30 de junio de 2022


Abogada de la Sra. Josey A. Rodríguez Torres:

        Por derecho propio


Oficina del Procurador General:

        Lcda. Mabel Sotomayor Hernández
        Subprocuradora General

        Lcda. Yaizamarie Lugo Fontanez
        Procuradora General Auxiliar


Comisionada Especial:

        Hon. Crisanta González Seda


Materia:  Suspensión inmediata e indefinida del ejercicio de la abogacía al amparo de la Regla 15 del Reglamento del Tribunal Supremo.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Josey A. Rodríguez Torres

TS-15,055

*PER CURIAM*

En San Juan, Puerto Rico, a 30 de junio de 2022.

En virtud de nuestro poder inherente para reglamentar la práctica de la abogacía, nos corresponde atender la situación de una abogada que no se encuentra en condiciones para ejercer cabal y adecuadamente las funciones propias de la profesión. Un procedimiento según la Regla 15 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, no necesariamente implica la separación indefinida de la práctica de la abogacía si se identifica alguna incapacidad mental. De esta forma, se propende la rehabilitación del profesional y que los ciudadanos mantengan la confianza en la capacidad del abogado de prestar los servicios para los que está autorizado.

I

El 1 de octubre de 2020, el Sr. José A. Martínez Vázquez (señor Martínez Vázquez) presentó una queja en contra de la Lcda. Josey A. Rodríguez Torres (licenciada Rodríguez Torres

o promovida), en representación de la entidad *Frente Unido de Policías Organizados* (FUPO) como su vicepresidente, por una alegada situación de facturación excesiva. El señor Martínez Vázquez sostuvo que la licenciada Rodríguez Torres hostigaba y amenazaba con recurrir a los foros judiciales e incurrir en gastos legales para discutir la razonabilidad de su facturación en casos donde representó a socios de la entidad. No obstante, el señor Martínez Vázquez expresó que a la licenciada Rodríguez Torres ya se le habían pagado sus facturas "hace más de [trece] 13 años en el caso de la Sra. Saliva y [nueve] 9 años en el caso del Sr. Maldonado".[1] Además, añadió que existía un contrato entre las partes sobre la facturación de los servicios prestados a los socios de FUPO donde se expresaba que "el abogado no podrá de manera alguna, facturar por sus servicios al socio de FUPO cuando los mismos se encuentran contemplados en el Plan de Tarifa".[2]

Cabe señalar, que ante la presentación de la queja el 18 de diciembre de 2020, la Sra. Ana Torres Robles, madre de la promovida, presentó una comunicación ante la Secretaría de este Tribunal informando que la promovida padecía de ciertas condiciones de salud mental y no las aceptaba.

El 8 de enero de 2021, la licenciada Rodríguez Torres presentó su Contestación a la Queja la cual resultó no ser responsiva ni precisa. El 11 de marzo de 2021, la Secretaría de este Tribunal refirió la queja a la Oficina del Procurador

---

[1] Queja presentada el 1 de octubre de 2020.
[2] Anejo 1 de la Queja.

General de Puerto Rico (OPG) para la investigación y el informe correspondiente. El 24 de marzo de 2021, la OPG remitió un requerimiento de información a la licenciada Rodríguez Torres. No obstante, a pesar de los múltiples términos concedidos, la licenciada Rodríguez Torres no contestó el requerimiento enviado. Por lo cual, la OPG recurrió ante este Tribunal para que le concediéramos un término a la licenciada Rodríguez Torres para contestar. Así las cosas, el 7 de julio de 2021, le concedimos diez (10) días a la promovida para contestar el requerimiento y se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias severas.

Transcurrido el término concedido, el 21 de julio de 2021, la promovida remitió una comunicación a la OPG la cual no fue responsiva al requerimiento enviado. El escrito presentado resultó ser confuso y no precisaba a qué asunto hacía referencia. Por tal razón, la OPG recurrió nuevamente ante nosotros y el 1 de noviembre de 2021 le concedimos un término de veinte (20) días a la promovida para contestar el requerimiento. Además, se ordenó que esta Resolución fuera notificada personalmente. Así las cosas, el 9 de noviembre de 2021, dos alguaciles de este Tribunal visitaron la residencia de la licenciada Rodríguez Torres para entregar el documento del Tribunal. No obstante, la promovida se negó a salir para recibir el documento.

El 10 de diciembre de 2021, este Tribunal nuevamente le

concedió a la promovida un término de veinte (20) días a la promovida para contestar el requerimiento, con el cual no cumplió. El 19 de enero de 2022, la OPG nos informó que aún la licenciada Rodríguez Torres no había contestado el requerimiento y que, además, remitió dos correos electrónicos al Procurador General.[3]

Así pues, examinada la totalidad del expediente, este Tribunal ordenó a la licenciada Rodríguez Torres, el 3 de febrero de 2022, que en un término de treinta (30) días mostrara causa por la cual no debíamos iniciar el procedimiento conforme a la Regla 15(c) del Reglamento de este Tribunal, *supra*. Ante el incumplimiento de la promovida con la referida orden, el 24 de marzo de 2022, ordenamos iniciar el procedimiento dispuesto por la Regla 15(c) del Reglamento de este Tribunal, *supra*. De este modo, el 19 de abril de 2022, este Tribunal designó como Comisionada Especial a la Lcda. Crisanta González Seda (Comisionada Especial) conforme la Regla 15(f) del Reglamento de este Tribunal, *supra*, para recibir prueba sobre la capacidad mental o emocional de la licenciada Rodríguez Torres.

Luego de varios trámites procesales, según establece la Regla 15(c) de nuestro Tribunal, *supra*, la OPG nombró al Dr. José A. Franceschini Carlo y la Comisionada Especial designó

---

[3] Para proteger la dignidad de la licencia Rodríguez Torres, conscientes de que nuestras Opiniones *per curiam* son publicadas para beneficio de la comunidad, omitiremos incluir una reproducción textual de los correos electrónicos, así como otros escritos presentados por esta. No obstante, atestamos que de estos escritos surgía contenido que nos provocó dudas serias sobre el estado mental de la licenciada Rodríguez Torres.

como peritos a la Dra. Cynthia Casanova Pelosi y la Dra. Dor Marie Arroyo Carrero. A pesar de las múltiples notificaciones a la licenciada Rodríguez Torres ordenando a que designara su perito de preferencia esta nunca compareció, por lo que la Comisionada Especial se vio obligada a designar a la doctora Arroyo Carrero. De igual forma, en múltiples ocasiones se orientó y apercibió a la licenciada Rodríguez Torres sobre lo dispuesto por la Regla 15(e) del Reglamento de este Tribunal, *supra*, a los efectos de que, si se negare a someterse a examen médico por los peritos, tal negativa se consideraría como evidencia *prima facie* de su incapacidad mental. La Comisionada Especial nos rindió su informe el 21 de junio de 2022.

En su Informe, la Comisionada Especial dispone que se le notificó a la licenciada Rodríguez Torres de las fechas para las evaluaciones ante los peritos que requiere el procedimiento de Regla 15 de nuestro Reglamento, *supra*. Además, en cada notificación se le apercibió de las consecuencias de negarse a colaborar con los exámenes médicos. El 18 de mayo de 2022, la OPG informó que la licenciada Rodríguez Torres no se comunicó de manera alguna sobre sus citas, con el doctor Franceschini Carlo, ni asistió en las fechas para las que se le ordenó comparecer. En cuanto a la doctora Cynthia Casanova, la promovida no se comunicó ni asistió a su cita. Cuando la doctora logró comunicarse vía telefónica con la licenciada Rodríguez Torres, esta le

contestó que la doctora no era su psiquiatra, que no tenía nada que decirle y que, si la volvía a llamar, ella llamaría a la policía.

En cuanto a la doctora Arroyo Carrero, cuando se le envió un correo electrónico para confirmar su asistencia a la cita, la promovida contestó, "[l]a Oficina no est[á] adscrita al Tribunal Supremo de Puerto Rico y/o ning[ú]n expediente de personal. Favor de revisar su expediente." Tampoco se presentó a la evaluación a la que se le había ordenado comparecer. En síntesis, la promovida no ha respondido a ninguna de las órdenes emitidas para solicitar algún remedio especial o justificar la negativa a participar en el proceso.

Por último, la licenciada Rodríguez Torres presentó una queja en contra de la Comisionada Especial el pasado 24 de junio de 2022, por alegado discrimen por edad en su contra.

## II

La Regla 15 de nuestro Reglamento, *supra*, tiene el propósito de establecer un procedimiento para separar indefinidamente a un abogado o una abogada del ejercicio de la abogacía cuando no pueda desempeñarse de manera competente y adecuada por alguna condición mental o emocional. *In re Pagán Hernández*, 207 DPR 728 (2021); *In re Chiqués Velázquez*, 201 DPR 969, 971 (2019). En esos casos, este Tribunal designa a un Comisionado o una Comisionada Especial que se encargará de recibir, investigar y evaluar

prueba sobre la incapacidad mental del abogado o abogada. *In re Morales Soto*, 134 DPR 1012 (1994).

Como parte del procedimiento, se designan tres peritos psiquiatras para que examinen al abogado o la abogada y rindan sus respectivos informes con sus conclusiones. Estos peritos son designados sucesivamente por el Comisionado o la Comisionada Especial, por el Procurador General y por el querellado o querellada. *In re Pagán Hernández*, supra; *In re Gutiérrez Santiago*, 179 DPR 739, 743 (2010). La referida Regla 15(c) del Reglamento de este Tribunal, *supra*, faculta al Comisionado o Comisionada Especial a realizar la designación del psiquiatra correspondiente en aquellos casos en los que la parte querellada, no realice su designación en el término que provee la regla.

Es menester señalar que la Regla 15(e) del Reglamento del Tribunal Supremo, *supra*, establece una presunción de incapacidad mental contra el abogado o la abogada que se niegue a someterse a los trámites provistos en la Regla 15. *In re Gutiérrez Santiago*, supra, pág. 743. En particular, la Regla 15(e) dispone:

> Si durante el procedimiento indicado en el inciso (c) de esta regla el abogado querellado o la abogada querellada se niega a someterse al examen médico ante los siquiatras designados o las siquiatras designadas, ello se considerará como prueba *prima facie* de su incapacidad mental, por lo que podrá ser suspendido o suspendida preventivamente del ejercicio de la profesión. 4 LPRA Ap. XXI-B, R. 15(e).

Conforme con lo anterior, a tenor de nuestro poder

inherente para regular la profesión de la abogacía y la notaría en Puerto Rico, cuando la condición mental o emocional de un letrado le impida ejercer cabal y adecuadamente todas las funciones y los deberes propios de la práctica de la abogacía, será menester suspenderle indefinidamente del ejercicio de la profesión. *In re Pagán Hernández*, supra; *In re Valentín Maldonado*, 178 DPR 906, 911 (2010). Ahora bien, esta suspensión indefinida no representa una sanción disciplinaria, sino que constituye únicamente una medida de protección social. *In re Chiqués Velázquez*, supra, pág. 972.

Luego de evaluar el Informe de la Comisionada Especial, en conjunto con la evidencia que consta en el expediente del caso y ante la negativa de la licenciada Rodríguez Torres a ser evaluada por los tres peritos designados en el panel, concluimos que la promovida no está en condiciones de asumir competente y adecuadamente su responsabilidad como abogada. En consecuencia, acorde con la Regla 15(g) de nuestro Reglamento, *supra*, corresponde que separemos a la licenciada Rodríguez Torres inmediata e indefinidamente del ejercicio de la profesión hasta tanto pueda demostrar que ha podido rehabilitarse de su actual estado emocional.

**III**

Por los fundamentos expuestos, se acoge la recomendación emitida por la Comisionada Especial, y se suspende inmediata e indefinidamente del ejercicio de la

abogacía a la Lcda. Josey A. Rodríguez Torres. Esta suspensión estará vigente hasta que la abogada pueda acreditar que se encuentra capacitada para ejercer la profesión nuevamente. Esta suspensión no constituye un desaforo, sino una medida de protección social.

En consecuencia, se le impone a la señora Rodríguez Torres el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, deberá informar oportunamente su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, en el término de treinta (30) días contados a partir de la notificación de la presente Opinión *per curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Josey A. Rodríguez Torres

TS-15,055

SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2022.

Por los fundamentos expuestos en la *Per Curiam que antecede*, se acoge la recomendación emitida por la Comisionada Especial, y se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Josey A. Rodríguez Torres. Esta suspensión estará vigente hasta que la abogada pueda acreditar que se encuentra capacitada para ejercer la profesión nuevamente. Esta suspensión no constituye un desaforo, sino una medida de protección social.

En consecuencia, se le impone a la señora Rodríguez Torres el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, deberá informar oportunamente su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, en el término de treinta (30) días contados a partir de la notificación de la presente Opinión *per curiam* y Sentencia.

Notifíquese por correo electrónico y personalmente.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo