EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Francisco Joubert Lugo<br>(TS-10,698) | 2022 TSPR 75<br><br>209 DPR |

Número del Caso:  CP-2017-18


Fecha:  14 de junio de 2022


Oficina del Procurador General:

>       Lcdo. Joseph Feldstein Del Valle
>       Subprocurador General
>
>       Lcda. Mabel Sotomayor Hernández
>       Subprocuradora General
>
>       Lcda. Yaizamarie Lugo Fontánez
>       Procuradora General Auxiliar


Abogado del Querellado:

>       Por derecho propio


Comisionado Especial:

>       Erick J. Ramírez Nazario


Materia:  Conducta Profesional – Suspensión inmediata del ejercicio de la abogacía por el término de tres meses por violación a los Cánones 9, 12, 18, 19 y 38 del Código de Ética Profesional.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Francisco Joubert Lugo<br><br>(TS-10,698) | CP-2017-18 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 14 de junio de 2022.

Una vez más nos vemos precisados a ejercer nuestra facultad disciplinaria contra un integrante de la clase togada por incumplir con los Cánones 9, 12, 18, 19, 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Por los fundamentos que enunciamos a continuación, se ordena la suspensión inmediata del Lcdo. Francisco Joubert Lugo (licenciado Joubert Lugo) del ejercicio de la abogacía. Veamos los antecedentes fácticos que sostienen nuestro dictamen.

I

El licenciado Joubert Lugo fue suspendido del ejercicio de la abogacía y la notaría el 4 de diciembre de 2018 por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y por desatender los requerimientos

de la Oficina del PEJC, así como nuestras órdenes.[1] Sin embargo, fue reinstalado únicamente al ejercicio de la abogacía el 1 de marzo de 2019. Mediante la Resolución que ordenó su reinstalación, este Foro reactivó la queja AB-2015-0211 que quedó pendiente en su contra para que continuara el curso ordinario. Examinemos los hechos que provocaron la presentación de la Querella.

La Sra. Edna Vázquez Bonnet (señora Vázquez Bonnet), representada inicialmente por otro representante legal, presentó una Demanda por daños y perjuicios el 20 de junio de 2006 contra Peters Janitors, su compañía aseguradora Real Legacy Assurance Corp., Consejo de Titulares del Condominio El Rosario (Condominio El Rosario) y su compañía aseguradora Triple-S. En la misma arguyó que sufrió una caída en el pasillo del Condominio El Rosario por alegada negligencia de un empleado de Peters Janitors Corp. Luego de varios trámites procesales y varios cambios de representación legal por parte de la señora Vázquez Bonnet, el **18 de diciembre de 2013**, el licenciado Joubert Lugo asumió la representación legal de la demandante y solicitó un término de treinta (30) días para familiarizarse con el expediente y cumplir con cualquier orden pendiente.

El **22 de enero de 2014**, el foro primario aceptó la representación del licenciado Joubert Lugo y les ordenó a

---

[1] El Lcdo. Francisco Joubert Lugo fue admitido al ejercicio de la abogacía el 4 de enero de 1994 y juramentó como notario el 13 de abril del mismo año.

todas las partes cumplir en diez (10) días con la Orden de 30 de septiembre de 2013. Mediante esta, se ordenó a las partes que indicaran las fechas en las que tomarían las deposiciones que quedaban pendientes, si algunas, y tres fechas coordinadas entre las partes para celebrar la conferencia con antelación a juicio.

El licenciado Joubert Lugo presentó una *Moción Informativa*, el 14 de marzo de 2014, en la que estipuló que todavía se encontraba evaluando el expediente y que desconocía el contenido de la Orden a la cual se refería el foro primario. Además, señaló que estaría enviando una comunicación a los representantes legales de las demás partes para invitarlas a reunirse e indagar sobre la orden pendiente. Solicitó un término adicional para poder cumplir con la orden, la cual hasta ese momento alegó desconocer.

De este modo, el **19 de marzo de 2014**, el foro primario ordenó nuevamente a las partes que dentro de los próximos diez (10) días informaran las fechas para tomar las deposiciones que quedaban pendientes y que estipularan tres (3) fechas viables para la celebración de la conferencia con antelación a juicio. Ante la falta de cumplimento, el **2 de septiembre de 2014**, el Tribunal de Primera Instancia impuso cien ($100) dólares en sanciones a cada uno de los representantes legales de todas las partes. Además, ordenó el cumplimiento de la Orden del 19 de marzo de 2014 dentro de diez (10) días. De no cumplirse con el término provisto

se desestimaría la demanda con perjuicio y/o se eliminarían las alegaciones.

El 23 de septiembre de 2014, Peters Janitors Corp. y Triple-S presentaron *Moción en Torno a Orden del 2 de septiembre de 2014* y *Solicitud de Reconsideración*. Informaron que los abogados de las partes demandadas no habían logrado comunicarse con el licenciado Joubert Lugo. Expusieron que ello impidió coordinar las fechas, cumplir con la orden emitida por el Tribunal y que la imposibilidad de presentar el itinerario de trabajo era atribuible exclusivamente a la parte demandante. Además, solicitaron se reconsiderara la imposición de las sanciones a las partes demandadas y el señalamiento de una vista. Por su parte, el Condominio El Rosario expuso que luego de reunirse con el licenciado Joubert Lugo el 28 de marzo de 2014 no habían logrado volver a comunicarse con él, a pesar de haberlo llamado en repetidas ocasiones a su número telefónico. Así las cosas, el 16 de octubre de 2014, el foro primario dejó sin efecto las sanciones impuestas a los demandados.

El 14 de abril de 2015, el Tribunal de Primera Instancia indicó que tras el incumplimiento con la Orden de 2 de septiembre de 2014 y al no haberse expresado la parte demandante, procedía desestimar con perjuicio la causa de acción, consecuencia que advirtió previamente. El 6 de julio de 2015, la señora Vázquez Bonnet, presentó moción *motu proprio*, en la que informó los problemas que tuvo para mantener comunicación con el licenciado Joubert Lugo. Añadió

que nunca fue informada de la Sentencia que desestimó con perjuicio la causa de acción y que se enteró de ello el 9 de junio de 2015, de forma incidental, por lo que solicitó se le relevase de la misma. Así las cosas, el 27 de julio de 2015, el foro primario dejó sin efecto la Sentencia, descalificó al licenciado Joubert Lugo y continuó con los procedimientos del caso.

Por estos hechos, la señora Vázquez Bonnet presentó una queja contra el licenciado Joubert Lugo el 10 de junio de 2015. Subsiguientemente, la Oficina del Procurador General (OPG) sometió ante este Tribunal una Querella contra el licenciado Joubert Lugo el 18 de julio de 2017. Ese mismo día se le ordenó al letrado que contestara la querella sometida en su contra en un término de quince (15) días. Mediante esta Querella, la OPG le imputó al licenciado Joubert Lugo los cargos siguientes:

*Cargos I y II*

> El licenciado Joubert Lugo, infringió los preceptos del Canon 9 y 12 de Ética Profesional, los cuales disponen que los abogados deben respeto al Tribunal, lo cual conlleva el cumplimiento de sus órdenes, así como deben atender sus causas de forma diligente y puntual y ser concisos y exactos en la tramitación de sus causas evitando causar dilaciones y demoras innecesarias a su cliente ni a los tribunales en la tramitación y solución de estas. Violó estos preceptos cuando luego de asumir representación legal y solicitar término para cumplir la orden de 30 de septiembre de 2013, el querellado no cumplió con las órdenes subsiguientes emitidas por el Tribunal de Primera Instancia, ni tramitó diligentemente el caso de su representada durante el tiempo que ostentó su representación legal, causando dilaciones innecesarias en el mismo.

*Cargo III*

El licenciado Joubert Lugo, violó los preceptos del Canon 18 de Ética Profesional al no defender adecuada ni competentemente los intereses de su clienta y al no haber actuado en aquella forma que la profesión jurídica en general estima adecuada y responsable. Ello, al no tramitar diligente, adecuada ni competentemente el caso civil encomendado por su clienta, lo cual conllevó demoras irrazonables a ésta y que se emitiera una sentencia desestimando su caso.

*Cargo IV*

El licenciado Joubert Lugo, violó los preceptos del Canon 19 de Ética Profesional al no informarle a su cliente de la sentencia emitida en su caso KDP2006-0894.

*Cargo V*

El licenciado Joubert Lugo, violó los preceptos del Canon 38 de Ética Profesional el cual obliga al abogado a esforzarse al máximo de su capacidad en la exaltación del honor y la dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta impropia. Ello, al incumplir con las órdenes del Tribunal, no ser puntual y diligente en la tramitación del caso encomendado, al no defender de forma competente los intereses de su cliente, conllevando incluso la desestimación con perjuicio de su caso, y no mantener informado a su cliente de un asunto tan importante como una sentencia adversa.

El 16 de agosto de 2017, el licenciado Joubert Lugo solicitó a este Tribunal un término adicional de treinta (30) días para responder a la Querella, el cual fue concedido.[2] No obstante, el licenciado Joubert Lugo presentó su Contestación a la Querella el 19 de junio de 2018. En ella alegó como defensas afirmativas que la demanda estaba prescrita, que las consecuencias de los hechos alegados

---

[2] *Resolución* de 28 de agosto de 2017.

corresponden únicamente a la señora Vázquez Bonnet ya que esta no aceptaba consejos legales. También expresó que nunca incurrió en faltas éticas, que estuvo físicamente enfermo y deprimido. Por último, solicitó la desestimación de la querella.

El 6 de mayo de 2019, este Tribunal denegó la desestimación de la Querella y emitió una Resolución en la que ordenó la continuación de los procesos disciplinarios. El 15 de septiembre de 2021, por medio de Resolución, designamos al Hon. Erick Ramírez Nazario, Ex Juez del Tribunal de Apelaciones, en calidad de Comisionado Especial para que rindiera un Informe con las determinaciones de hechos y recomendaciones que estimara pertinentes en el caso de autos.

El Comisionado Especial citó a las partes el 22 de octubre de 2021 a una vista presencial en la que podrían presentar prueba documental y testifical, así como cualquier tipo de moción o escrito. Por su parte, el licenciado Joubert Lugo, el 18 de octubre de 2021, solicitó un término de treinta (30) días para contratar representación legal, ya que este residía en el estado de Nueva Jersey, EE.UU. Así las cosas, el Comisionado Especial proveyó Ha Lugar la moción presentada por el letrado y pautó la vista para el 29 de noviembre de 2021.

De la Minuta de la vista del 29 de noviembre de 2021 surge que el licenciado Joubert Lugo compareció por derecho propio porque no tuvo tiempo de contratar un abogado. De

otra parte, en la vista se acordó que la Procuradora Auxiliar tendría quince (15) días para hacerle llegar al letrado copia de la prueba documental y las estipulaciones propuestas. Por consiguiente, el licenciado Joubert Lugo indicó que estaría contactándose con el Colegio de Abogados y Abogadas de Puerto Rico para solicitar representación legal en el presente caso. El Comisionado señaló la vista final para el 20 de enero de 2022.

El 20 de enero de 2022 se celebró la vista final en la cual las partes presentaron las estipulaciones a las que llegaron y la prueba documental que sería utilizada por el Comisionado Especial para disponer del caso. El 1 de marzo de 2022, el Comisionado Especial presentó su informe ante este Tribunal en el que concluyó que el licenciado Joubert Lugo incurrió en conducta violatoria de los Cánones 9, 12, 18, 19 y 38.

## II

Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9, *supra*. *In re Meléndez Mulero*, 2022 TSPR 03; *In re Stacholy Ramos*, 207 DPR 521 (2021). El Canon 9, *supra*, codifica el deber de todos los abogados de observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. *In re Nazario Díaz*, 198 DPR 793 (2017). De tal forma, incumplir reiteradamente con las órdenes del tribunal ocasiona una dilación indebida en la tramitación de un caso y constituye

una violación al Canon 9, *supra*. *In re Rivera Rodríguez*, 202 DPR 1026 (2019). Asimismo, la naturaleza de la función de los abogados requiere una escrupulosa atención y obediencia a las órdenes de los tribunales. Íd.; *In re López Santiago*, 199 DPR 797 (2018).

Por otra parte, el Canon 12, *supra*, establece el deber de los abogados hacia los tribunales, sus compañeros, las partes y los testigos, de ser puntuales en su asistencia y ser concisos y exactos en el trámite y presentación de las causas. Como parte de este deber ético, es responsable de realizar todas las diligencias necesarias para asegurarse que no cause demoras indebidas en el trámite de las causas de acción que se les encomiende. *In re Lugo Quiñones*, 206 DPR 1 (2021). En el pasado, hemos sentenciado que "el deber de diligencia es una obligación elemental del abogado y de la abogada hacia su clientela". Íd.; *In re Otero Calero*, 200 DPR 561 (2018). Entre estas diligencias se encuentra dar la más estricta observancia a las órdenes judiciales.

En cuanto al Canon 18, *supra*, este impone a todos los abogados y abogadas el deber de defender los intereses de su clientela de forma capaz y diligente. Sobre este particular, este Tribunal ha sostenido en repetidas ocasiones que toda negligencia por parte de un abogado que conlleve el archivo o la desestimación de una causa de acción constituirá una violación al referido canon. *In re Lugo Quiñones*, supra. Del mismo modo, el incumplimiento con este deber de diligencia se vincula también con el deber de ilustrar a las partes con

explicaciones, aclaraciones y advertencias necesarias, aplicando su conocimiento sobre el derecho vigente. *In re Sánchez Reyes*, 204 DPR 548 (2020).

Por otro lado, el Canon 19, *supra*, impone a todo abogado la obligación de mantener informado a su cliente de todos los incidentes importantes que surjan durante la tramitación del caso. *In re Mondríguez Rivera*, 205 DPR 824 (2020); *In re Rivera Rodríguez*, supra. Por tanto, para cumplir a cabalidad con el deber que impone este canon, es necesario que el licenciado tenga una comunicación efectiva con sus clientes. *In re Meléndez Mulero,* supra; *In re Hon. González Rodríguez*, 201 DPR 174 (2018). Es decir, que constituye un elemento "imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente". *In re Pietri Castellón,* 185 DPR 982, 992 (2012). En ese sentido, ya hemos señalado que una sentencia desestimatoria es un asunto de tal importancia que debe ser informado inmediatamente al cliente. *In re Polanco Ortiz I*, 196 DPR 126 (2016).

Por último, el Canon 38, *supra*, dispone que los abogados deben esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, además de evitar la apariencia de conducta profesional impropia. *In re Stacholy Ramos*, supra; *In re Radinson Pérez*, 204 DPR 522 (2020). Esto surge dado a que hemos reiterado que los abogados son el espejo donde se refleja nuestra profesión. *In re Polanco Ortiz I*, supra. Como hemos resuelto anteriormente, desatender varias órdenes de los tribunales, con el efecto directo de

que se desestime la causa de acción del cliente, es contrario a los principios que el Canon 38, *supra*, persigue proteger. *In re Stacholy Ramos*, supra.

Con estos preceptos en mente, examinemos la conducta desplegada por el licenciado Joubert Lugo.

III

Como mencionamos, el presente caso fue referido ante un Comisionado Especial, quien tuvo la oportunidad de recibir prueba, evaluarla detenidamente, realizar sus determinaciones de hechos y conclusiones de derecho. En el informe rendido, el Comisionado Especial concluyó que la determinación de la Oficina del Procurador General —en cuanto a la violación de los Cánones 9, 12, 18, 19 y 38 del Código de Ética Profesional, *supra*, por parte del licenciado Joubert Lugo— está sostenida por la prueba presentada por las partes. Coincidimos con esa apreciación.

El licenciado Joubert Lugo sostiene que el incumplimiento que se le imputa se debió a la falta de interés de la señora Vázquez Bonnet, quien no aceptaba consejos legales. También alegó que estuvo físicamente enfermo y deprimido, lo cual afectó su desempeño en el caso. No obstante, en ningún momento fue presentada ante este Tribunal evidencia alguna que pruebe lo anterior. Este Tribunal ha sostenido que los abogados deben acreditar si padecen de alguna condición que les impida cumplir con sus labores. *In re Torres Román*, 195 DPR 882 (2016). Además, el letrado sostuvo que nunca incurrió en faltas éticas. Las

razones presentadas por el letrado no excusan su incumplimiento con las órdenes emitidas por el Tribunal de Primera Instancia.

Según se desprende del expediente ante nuestra consideración, no tenemos duda alguna que el licenciado Joubert Lugo incumplió con los citados Cánones 9, 12 y 18, *supra*. Esto ocurrió al asumir representación legal y solicitar término para cumplir con la Orden de 30 de septiembre de 2013, y no cumplir con las órdenes subsiguientes emitidas por el Tribunal de Primera Instancia, ni tramitar diligentemente el caso de su representada, causando así dilaciones innecesarias. Asimismo, con su actuación, el licenciado Joubert Lugo no defendió competentemente los intereses de su clienta y no actuó de forma adecuada y responsable, conforme la profesión jurídica en general. Lo anterior, se da al no tramitar diligente, adecuada ni competentemente el caso civil encomendado por su clienta, lo cual conllevó demoras irrazonables y que se desestimara su caso.

Abona a lo anterior el que el licenciado Joubert Lugo no mantuvo informada a su representada, la señora Vázquez Bonnet sobre un asunto tan importante, como lo es la Sentencia que desestimó su causa de acción. Sin lugar a duda, tal conducta viola los preceptos del Canon 19, *supra*.

Finalmente, también es evidente que la conducta desplegada por el licenciado Joubert Lugo a través del proceso judicial que le fue encomendado, no exalta el honor

y la dignidad de la profesión al mostrar una falta de responsabilidad y diligencia en el manejo del caso. De esta manera, violó los preceptos del Canon 38, *supra*.

IV

Por los fundamentos antes expuestos, suspendemos inmediatamente del ejercicio de la abogacía al Lcdo. Francisco Joubert Lugo por el término de tres meses.

En consecuencia, se le impone al señor Joubert Lugo el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco Joubert Lugo

(TS-10,698)

CP-2017-18

SENTENCIA

En San Juan, Puerto Rico, a 14 de junio de 2022.

Por los fundamentos expuestos en la *Per Curiam que antecede*, suspendemos inmediatamente del ejercicio de la abogacía al Lcdo. Francisco Joubert Lugo por el término de tres meses.

En consecuencia, se le impone al señor Joubert Lugo el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo